Mr. Justice Lipscomb
delivered the opinion of the court.
It is contended in this court that the court below erred in giving judgment on the exceptions and general demurrer to the plaintiff’s petition, after the cause had been once put to the jury, subsequent to their being filed. It is certainly out of the *277 usual order of tbe court to put questions of fact to the jury before the exceptions or general demurrer had beeu disposed of, and after verdict a reviewing tribunal would be apt to look upon such pleas as having been waived. This, however, may be one reason influencing the court to set aside the verdict, ascertaining that these pleas had been passed over by an accidental omission to present them to the consideration of the court for its judgment. After the verdict had been set aside and a new trial granted, if in point of fact those pleas had not been either waived or decided by the court, we do not conceive there would be error in passing upon them. If the court believed they were well taken, they went to defeat the action, and the sooner acted on the better. We will now proceed to inquire whether the plaintiff’s petition is subject to the exceptions taken to it. The first is easily disposed of. It is not supported by the law and the facts charged, “ that it sets up a new cause of action that did not exist when the suit was commenced.” The petition as amended seeks to make Bryan liable, because he had received payment of the draft from the government, and the time when the law was passed under which it is alleged that he had received satisfaction is averred and shown to the court to have been anterior to the commencement of this suit. Now if that be correctly stated, the cause of action did exist when the suit was instituted, and the exception was not well taken. The next is a general demurrer. The effect in law of a general demurrer is an admission that the facts stated are true, but a denial that such facts give any cause of action. We have no doubt that the draft of itself is insufficient to give a right of action against Bryan; because it was accepted by him as an agent. But if it be true, as stated, that the agent’s principal has settled that draft with him, and credited him with the amount, it would be so much money in his hands to the plaintiff’s use; and although no action could be sustained on the bill itself, yet the amount can, under such circumstances, be recovered from the agent. We cannot say the amended petition sets up a new cause of action, and that there was error in permitting it to be made. It refers to the same original inducement, the bill *278 or draft, and avers a new fact only to fix the personal liability of the defendant for the amount of the draft.
"We believe that the court erred in sustaining the general demurrer and dismissing the cause. The judgment is therefore reversed and the cause remanded.