W. B. WRIGHT *v.* GEORGE W. LANCASTER ET AL.

1. DEED.—An instrument describing land, and signed by a party, which has in its beginning and other parts the formal portions of a deed, but is without a *habendum* clause; which acknowledges the receipt of a consideration, without stating from whom; which describes land, but which fails to state for what purpose, and which fails to designate a vendee, as such, cannot be regarded as a deed conveying any legal or equitable interest in land.

2. DEED.—Equity, as between parties to a defective instrument, may supply omissions, according to the real intention of the parties in making the instrument; but it must be done upon proper proceedings, instituted for that purpose.

3. REGISTRATION.—The recording of an instrument so fatally defective that it can neither be regarded as a deed nor a written contract con-

cerning land, cannot be regarded as constructive notice to any one of any right asserted by any one claiming under it.

4. DISTINGUISHED from Miller *v.* Alexander, 8 Tex., 45; Holman *v.* Criswell, 13 Tex., 38; and McCown *v.* Wheeler, 20 Tex., 372.

5. APPROVED.—Burnham *v.* Chandler, 15 Tex., 441, approved.

APPEAL from Rockwall. Tried below before the Hon. Green J. Clark.

*William Charlton,* for appellant, argued, that the instrument (set forth in the opinion) is absolutely void, citing the following authorities: Brown *v.* Manter, 21 N. H., (1 Foster,) 528, and authorities there cited; Pierson *v.* Doe, 2 Ind., 123; also, McCown *v.* Wheeler, 20 Tex., 372; Viser *v.* Rice, 33 Tex., 156; Leland *v.* Wilson, 34 Tex., 93.

[A brief, not signed by counsel, was filed for appellee.]

ROBERTS, CHIEF JUSTICE.—This is an action to try the title to fifty acres of land. The defendants answered, by filing general exceptions, a general denial, and pleas of the statute of limitations of three, five, and ten years.

Both parties rely on their paper titles, and no other evidence was adduced upon the trial.

There was no objection made to the admission of any of the evidence, except to the instrument purporting to be a recorded deed, from E. W. Lancaster and Elizabeth Lancaster, to Reuben Bowen, George W. Lancaster, and James R. Lancaster, under which the defendants claim to hold the land. That instrument was admitted in evidence over exceptions by the plaintiff, as follows, to wit: "1st. Because the same is inoperative and void, and no evidence of bargain and sale of land. 2d. Because there are no apt words of conveyance in said deed, nor words in said deed from which the intentions of the parties can be gathered." The overruling of these exceptions appears in a bill of exceptions, contained in the record.

This instrument was important to the defendants in two

respects: first, to show title in themselves, derived through
E. W. Lancaster from Mary Standifer; and, second, to show,
by its being recorded in Kaufman county, where the land
was then situated, that the defendants, (at least, two of them,
George W. and James R. Lancaster,) were necessary parties,
as defendants, in a suit instituted by J. J. Dickson, in Gray-
son county, against E. W. Lancaster and Reuben Bowen as
makers, and S. H. McHenry as indorser, of a note given for
the purchase-money for said land, the amount of which was
adjudged in favor of said Dickson, with a vendor's lien on
the said land, through and under which judgment, and sale
of the land thereunder, the plaintiff claims title by a regular
chain of title deeds, which were admitted in evidence with-
out objection.

The instrument excepted to was executed and recorded in
1859, before the institution of the said suit in Grayson coun-
ty, in 1860. If, therefore, it was a valid instrument, either
as a deed or as a contract for the purchase of the land, and
it was duly recorded before the institution of said suit, George
W. and James R. Lancaster, not having been made parties
to said suit, the judgment foreclosing the · vendor's lien, as
against their vendor, E. W. Lancaster, would not bind them,
and it would follow that this suit, as brought, being an ordi-
nary, action of trespass to try title to the land, could not be
maintained against them. (Byler v. Johnson, 45 Tex., 509.)

Without going over the numerous matters in the record
contained in the instruments, which evidently, but imperfect-
ly, present the transactions they were designed to represent,
to show how the material question in the case is reached, it
will suffice to state, that if ·the court erred in admitting in
evidence the instrument offered as a recorded deed, over the
exceptions previously recited, the judgment must be reversed.

That instrument reads as follows, to wit:

"THE STATE OF TEXAS, ⎱
   "*Kaufman County.*  ⎰

   " Know all men by these presents, that we, E. W. Lancas-

ter and Elizabeth S. Lancaster, of the State and county first
mentioned, in consideration of the sum of four thousand dol-
lars to us in hand paid : Reuben Bowen and James R. Lan-
caster and George W. Lancaster, and their heirs and assigns
forever, all our right, title, claim, and interest, estates and
demands, both at law and in equity, and to all three certain
pieces or parcel of land situated in said county and State,
described as follows, to wit, [the field-notes of the three
tracts being here inserted, one of which being the fifty acres
sued for,] with all and singular the hereditaments, appurten-
ances thereunto belonging.

"In witness whereof, we hereunto set our hand and hand-set,
this the fifth of December, one thousand eight hundred and
fifty-nine (December 5, 1859).

"Witness :

" E. W. LANCASTER.          [SEAL.]

" ELIZABETH S. LANCASTER. " [SEAL.]

The words of conveyance and of holding which are
omitted are, after the words "dollars to us in hand paid," the
following : "by Reuben Bowen, James R. and George W.
Lancaster, we have this day granted, bargained, sold, and
released, and do by these presents grant, bargain, sell, and
release, unto said Reuben Bowen," &c.   And after the words
"appurtenances thereunto belonging," the following : "To
have and to hold all and singular the premises above men-
tioned, unto the said Bowen, James R. and George W. Lan-
caster, their heirs and assigns forever."   (See form of deed,
Paschal's Dig., art. 1000.)

The parts omitted, if an ordinary deed was intended to be
drawn up, are certainly the most essential parts of such an
instrument, because, had they been inserted, they would have
shown—

1st. By whom the consideration was paid.

2d. To whom the estate was conveyed by the use of words
of conveyance appropriate to convey an estate in lands.

3d. The nature of the estate conveyed, in reference to the

quantity of interest, the time of enjoyment, or conditions annexed.

Without these parts, or at least without words of some sort used in the instrument which can be construed to import a conveyance of the land, it is not a deed. Where there is an entire absence of such words in any part of the instrument, there is nothing to found an implication upon, in order to supply the defect by construction.

It will not do to supply the necessary words that have been—not partly, but entirely—omitted, because we may know what words are necessary. That would be, in effect, filling up a blank deed with contracting parties, and the contract made by them, in relation to the land described in the instrument over the signature of the parties.

The object of requiring a deed to be in writing, is to make certain and perpetuate the existence of a contract made, and things done in pursuance of it, concerning a particular tract of land, which are necessary, under the law, to transmit the title to it from one person named to another person named therein.

This instrument represents no such facts, and cannot be elevated to the dignity of a deed, because it is a statement, over the signatures of two persons, of some things that might be appropriate in a deed, such as a consideration received, and the description of some tracts of land by metes and bounds.

Bacon, treating of the laws of England after the enactment of the statute of frauds and perjuries, says the office of the premises of a deed is to name the grantor and grantee, and the thing to be granted or conveyed, and that "it is the premises of the deed that make the gift." He enters upon a discussion of whether or not a person named in the *habendum,* and not in the premises, can acquire the land, and he inclines to the opinion that he cannot, but gives the authority of Coke that he can. (4 Bacon Abr., 212–214.)

In Massachusetts, it was held, that a person named only in

the *habendum* might take the land, the consideration and names of the parties being set out in the premises. (Bridge *v.* Wellington, 1 Mass., 219.)

Here, the person to whom the grant was made being omitted in the premises of the deed, the omission was supplied from that part of the deed which showed who was to have and hold the estate.

In New Hampshire, it was held, that the omission of words of grant, evidently by mistake, the instrument being otherwise perfect as a warrantee deed, was not helped by the *habendum* so as to grant the land; but by virtue of the warranty to the person from whom the consideration was recited to have been received, and who was named in the *habendum* as the person to hold, the instrument was admitted in evidence as an estoppel, as thereby a circuity of action would be prevented. (Brown *v.* Manter, 1 Foster, 528.)

In Indiana, it was held, that an instrument under seal, acknowledging the receipt of the consideration for the sale of real estate, but containing no words of conveyance, does not transfer the legal title. (Pierson *v.* Doe, 1 Carter's Ind. Rep., 123.)

It cannot be well conceived, that any law writer would advance the doctrine, or that any decision could be found holding, that an instrument like the one under consideration —without words of conveyance, without a *habendum* clause, without a warranty, and acknowledging the receipt of a consideration, without stating from whom; describing land, without saying what was to be done about it; and naming three persons, without saying what they had done, or what they were to have—was a deed conveying either a legal or equitable interest in the land described.

It is a senseless jargon, that does not amount to a written contract, concerning lands, permitted by law to be recorded. (Paschal's Dig., art. 4989.)

There is not a word or sentence in it, that can be tortured

by construction, or by the most remote implication, into a contract about anything.

In support of this instrument, reference is made, by counsel for appellees, to several cases in our own court.

Miller *v.* Alexander was the case of a sheriff's deed, without a scroll for a seal, which was held to convey an equitable right to the land, and being recorded was constructive notice. (8 Tex., 45.)

Holman *v.* Criswell was the case of an obligation for title to land without a seal, which was held to be a contract for the sale of land, in which a seal was not necessary. (13 Tex., 38.)

In both of these cases, there were words used in the instruments showing that a contract was made, and by and between what parties it was made.

McCown *v.* Wheeler was the case of a suit to recover the possession of a deed, in which the name of the grantee was left blank. It was held, that the deed might be sufficient proof to enforce specific performance, upon proof of payment of the purchase-money, and that the instrument was delivered to evidence a transfer of the title, with authority to fill the blank with the name of the grantee. (20 Tex., 372.)

This was simply holding that a deed thus defective might be treated as a contract for the sale of land, in a suit in equity, wherein the material facts in connection with it were stated and proved.

Equity, as between the parties to a defective instrument, may supply omissions, according to the real intention of the parties in making the instrument, but it must be done upon proper proceedings instituted for that purpose. It is unnecessary now to consider whether equity could help out this instrument, because no such proceedings have been instituted, if they could be, in this suit.

If, as we hold, this instrument is neither a deed nor a written contract concerning land, the recording of it was not constructive notice to J. J. Dickson, when he brought his

suit against E. W. Lancaster to foreclose the vendor's lien upon the land in controversy.

It has been held, that the recording of an instrument not authorized to be recorded, is not notice to any one. (Burnham v. Chandler, 15 Tex., 441.)

REVERSED AND REMANDED.