S. W. ALLEN ET AL. V. H. G. PANNELL, FOR USE OF FRANK NOLAND.

1. PAYEE MAY SUE ON DRAFT.—The payee in a draft may sue thereon in his own name, whether the equitable owner or not.
2. SAME.—Unless a defense be shown against equitable owners not made parties, a defense that the alleged beneficiary is not the legal owner, presents no material issue.
3. SUIT BY IMPROPER PLAINTIFF.—If suit be improperly brought in the name of the payee of a note or draft, the defendant, by showing cause therefor at the proper time and in the proper manner, may have protection against the suit.
4. INSANITY—PRACTICE.—A plea that plaintiff had become insane, filed on eve of trial, will not cause delay on the trial to ascertain the truth of the plea, and when not under oath may be disregarded.
5. INSANITY.—The plea interposed by defendant, that plaintiff is insane, is in the nature of a plea in abatement, and should be verified by affidavit.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

This suit was brought in the court below, November 4, 1875, on the acceptance of a draft, as follows:

"$2,323.92, specie.                    HOUSTON, June 1, 1873.

"Two years from this date, please pay to the order of H. G. Pannell, guardian for the Noland children, twenty-three hundred and twenty-three $\frac{92}{100}$ dollars, in specie, being for amount due on cattle purchase.                    F. R. LUBBOCK.

"To Messrs. Allen, Poole & Co., Galveston, Texas."

Suit was brought by the payee, Pannell, for the use and

benefit of Frank Noland, and the acceptance was alleged to be the right and property of plaintiff, for the use and benefit of said Frank Noland.

February 25, 1876, defendants answered by general demurrer and general denial.

July 25, 1876, they amended, alleging that the acceptance sued on was given to said Pannell as guardian of four minor children of —— Noland; that no partition of their estate had been made, and that Frank Noland only owned one-fourth interest in the claim sued on; that, other than the one-fourth interest, said Frank Noland had no interest in the acceptance; and that since the last continuance Pannell had become a lunatic and incapable of attending to business.

Defendant F. R. Lubbock answered, that it was mutually agreed between said Allen and Lubbock, with Pannell, that the acceptance should be taken in satisfaction for the amount he was owing the heirs of —— Noland, of whom Pannell was guardian.

The only evidence was the draft, acceptance, and notice of protest.    Judgment was rendered for plaintiff July 25, 1876, for the amount sued for.    Defendants appealed.

*Ballinger, Jack & Mott* and *Willie & Cleaveland,* for appellants.

I.  An obligation for money to a guardian of several minors, for the sale of property belonging to the estate of all of said minors, cannot be lawfully sued and recovered on for the use of a single one of said minors, not having been distributed or set apart to said single minor by the court, and without indorsement to him, and against the pleas and objections of the debtors.    (Paschal's Dig., art. 10; McFadin *v.* MacGreal, 25 Tex., 79; Price *v.* Wiley, 19 Tex., 144; Heard *v.* Lockett, 20 Tex., 162; Merlin *v.* Manning, 2 Tex., 351; Ross *v.* Smith, 19 Tex., 171; Whithed *v.* McAdams, 18 Tex., 551; Barrett *v.* Gillard, 10 Tex., 69; Browning *v.* Atkinson, 46 Tex., 610.)

II.  The court erred in proceeding with the case under the averments that plaintiff Pannell was a lunatic and *non compos*

*mentis,* refusing to hear proof thereof, and rendering judgment in the cause. (Paschal's Dig., arts. 6969, 6970, 6982; act of 1876, secs. 135, 136, 147; Pelham *v.* Moore, 21 Tex., 755; Cook *v.* Thornhill, 13 Tex., 293; 16 Tex., 177; March *v.* Walker, 48 Tex., 376; Sayles' Prac., secs. 159, 174; Story's Eq., secs. 64–66; Wartnaby *v.* Wartnaby, 1 Jac., (4 Eng. Ch.,) 377.)

*M. W. Garnett* and *M. C. McLemore,* for appellee.

I. It was not necessary to allege in the petition the value of specie. Its value and the meaning of "dollars in specie" are fixed by law. (Van Alstyne *v.* Sorley, 32 Tex., 532; Bouv. Law Dic., tit. "SPECIE"; Webb *v.* Moore, 4 Monr., 483.)

II. The petition showed that Pannell had a right to sue on the draft for the use of Frank Noland. (Thompson *v.* Cartwright, 1 Tex., 87; Gayle *v.* Ennis, 1 Tex., 184; McMillan *v.* Croft, 2 Tex., 397; Lipscomb *v.* Ward, 2 Tex., 277; Andrews *v.* Hoxie, 5 Tex., 172; Butler *v.* Robertson, 11 Tex., 142; Claiborne *v.* Yoeman, 15 Tex., 45; Nelson *v.* Bagby, 25 Tex. Supp., 307.)

III. The introduction in evidence by the plaintiff of the draft and protest proved all the allegations in plaintiff's petition, and authorized the judgment that was rendered. (Paschal's Dig., art. 232; Bailey *v.* Heald, 14 Tex., 226.)

IV. The amended answer, so far as it set up that other persons not parties to the suit were interested in the draft, and that Pannell had no right to sue on it in his own name for the use of Frank Noland, was insufficient, and set up no legal or valid defense to plaintiff's; and so far as it set up that the plaintiff was a lunatic and *non compos mentis,* and asked the suit to be stayed, it set up no defense, and was properly struck out, the court having no jurisdiction to inquire into plaintiff's mental status in this proceeding. (Paschal's Dig., art. 1; Taylor *v.* Hall, 20 Tex., 215; Cook *v.* Thornhill, 13 Tex., 297; Tinnin *v.* Weatherford, Dallam, 590–592;

Wolfe *v.* Stephens, Dallam, 607, 608; 1 Chitty's Plead., 480–483; Mit. Ch. Plead., 268.)

GOULD, ASSOCIATE JUSTICE.—Pannell, as the payee and legal holder of the draft sued on, was authorized to maintain an action thereon in his own name, whoever may have been the equitable owner.   Unless there was some defense as against the other alleged equitable owners or beneficiaries of the draft, the answer denying Frank Noland's ownership presented an immaterial issue. (Lipscomb *v.* Ward, 2 Tex., 277; McMillan *v.* Croft, 2 Tex., 399, and other cases cited in the brief of appellees.)

Notwithstanding the suit was brought by or in the name of Pannell for the use of Frank Noland, there is no presumption in favor of defendants that this was done without Pannell's assent and authority.   In case of a suit in the name of an assignor for the use of his assignee, the nominal plaintiff is not presumed to be present in court, cognizant of the proceedings in the case, so as to subject him without further notice to a judgment in reconvention. (McFadin *v.* MacGreal, 25 Tex., 78.)   Whether even in such cases there was at common law an unqualified right to use the name of the holder of the legal title, admits of some question. (1 Chit. Pl., 9*a;* 3 Chit. Prac., 127; Spicer *v.* Todd, 2 Tyrw., 172; Chambers *v.* Donaldson, 9 East, 471; Moseley *v.* Boush, 4 Rand., 392.) It appears from these authorities that in some cases, at least, the holder of the legal title might require to be indemnified against costs.   But, at all events, no authority has been adduced justifying the assumption in favor of the defendants, for the purpose of defeating the recovery, that this suit was not brought, as it is purported to be, with the assent and by the authority of Pannell.   If Pannell's name was used without authority, the defendants might, as in other cases of the institution of suits without authority, by showing cause therefor, at the proper time and in the proper manner, have obtained protection. (Campbell *v.* Galbreath, 5 Watts, 423.)

The production of the draft was sufficient evidence to authorize the judgment.

The plea that Pannell had become *non compos mentis* was in the nature of a plea in abatement, and not being sworn to, was bad on general exception. (Cook *v.* Thornhill, 13 Tex., 297; Mitf. Ch. Pl., 268.) By the mere filing of such a plea on the day set for trial, the further progress of the case cannot be stopped until the question of the plaintiff's sanity be investigated.

Without deeming it necessary to pass in detail on other questions, our opinion is, that there is no error in the judgment, and it is accordingly ordered that it be affirmed.

AFFIRMED.