THOS. A. PRESSLEY'S HEIRS v. MARY E. ROBINSON ET AL.

(Case No. 3379.)

1. HOMESTEAD — RENT — PARTITION — PLEADING. — After the death of his wife in 1866, P., with the children of that marriage, continued to occupy the community homestead tract of four hundred and fifteen acres, and to use the other community property. In 1868 P. married a widow who had a homestead of her own, but lived with him on his homestead. P. died in 1873, and his widow married R., and with him continued to occupy the P. homestead, denying the demand of P.'s children by his first wife for possession or partition. P.'s administrator took possession of his personal estate, including community property of the first marriage,

and its proceeds. The heirs joined by their guardian brought this suit in the district court against Mrs. R., her husband and the administrator, stating these and other facts, praying for partition and other relief. A general demurrer to the petition was sustained. On appeal, *held* —

(1) That the surviving husband did not become liable to the children of the community for and by reason of his continued occupation of the entire homestead tract of four hundred and fifteen acres, no partition having been demanded.

(2) The second wife was during P.'s life-time protected in his homestead rights in the old homestead, but those rights, being personal to him, terminated at his death.

(3) The second marriage may, in its effects on the rights of the wife, be regarded as equivalent to the establishment of a new homestead on land owned by the husband in common with the children of the first marriage, the homestead right attaching only to the husband's interest in the tract and so as not to prejudice any rights of the children.

(4) These homestead rights were not affected by the fact that the second wife at the time of her marriage with P. already had a homestead.

(5) On the death of P. his children became entitled to partition of their interest derived through their mother, irrespective of the question of homestead; and after demand and denial of their rights, they became also entitled to the value of the use and occupation.

(6) The rights of the children to partition as heirs of P. were subject to the homestead rights of their step-mother, attaching to their father's interest in the community homestead tract, and subject also to the rights of the administrator of their father's estate.

(7) The children were also entitled to their mother's interest in the personal property, or its value, and subject, as just stated, to their interest in their father's personal estate.

(8) The homestead rights of P.'s widow were not forfeited by her marriage to R.

(9) The petition stated a good cause of action, and one within the jurisdiction of the district court.

Appeal from Tarrant. Tried in 1876 before the Hon. J. A. Carroll.

This suit was filed at the March term, 1875, by appellants Garrett Pressley, Mollie Pressley, Parlee Pressley, Jenkins Pressley and Josephine Pressley, by their guardian, G. F. Chrisman, against Mary E. Robinson and her husband, W. T. M. Robinson, and Randal Robinson, administrator of the estate of Thomas A. Pressley. The defendants answered at the same term; but the original papers having been destroyed, were substituted July 25, 1876.

The history of the case, as stated in the petition, is as follows: Thomas A. Pressley and Catharine M. Pressley, the father and mother of plaintiffs, were married in 1854. They acquired property of the value of $3,000, consisting of a tract of land in Tarrant county of four hundred and fifteen acres, and personal property consisting of horses, cattle, hogs, wheat, corn, etc., and $1,000 in

money.   Upon the tract of land was their homestead.   Catharine died in August, 1866, intestate.   The community owed no debts. There was no administration upon her estate, nor did her husband qualify as the community survivor.   Thomas A. Pressley married defendant Mary E. Robinson in 1868.   She was a widow, and had a homestead on land adjoining the land of Thomas A., which she continued to claim and use as a homestead after her said marriage, but she lived with said Thomas A. as a member of his family, as did also the minor plaintiffs.   Thomas A. died in 1873, intestate, and owing no debts, and leaving no children by his second wife, the said Mary E.   Thomas A. owned at the time of his death, besides his half interest in the land, personal property of the value of $1,500, being the property of the first community and the increase, and $1,000 in money, most of it belonging to the first community.   Immediately after his death the defendant Mary E. took possession of the money and appropriated it to her own use, to the exclusion of the ·rights of plaintiffs, and withheld it from the administrator of said Thomas A., the defendant Randal Robinson, who, upon his appointment, took possession of all the personal property belonging to the estate; set apart a portion of it of the value of $1,000 to the said Mary E., and sold the remainder thereof to the highest bidder; and after paying such debts as existed, still had on hand $700.   The petition further avers that in the year 1873 defendant Mary E. intermarried with her co-defendant, W. T. M. Robinson, and from that time they have held exclusive possession of the above described tract of land, including the homestead, excluding plaintiffs, and appropriating to their own use the entire revenues from the land, which are worth annually $500.   The petition is indorsed as an action of trespass to try title.   Plaintiffs averred that defendants Mary E. and her husband are strangers, and not members of the family; that their guardian is the head of the family, and pray for a restitution of their rights in the homestead.   They prayed for judgment for the land; for a writ of possession; for judgment against said Mary E. for the sums of money, etc., which she has appropriated; for judgment against her and her husband for the rents and profits of the land, and for judgment against the estate of Thomas A. Pressley for the money, property, rents, etc., appropriated by him during his life-time, and which belonged to them as the heirs of their mother.   They also prayed in the alternative for partition (if they had mistaken their remedy), and that their interest in the land be set apart to them.

The cause was called for trial August 23, 1876.   The court sus-

tained a general demurrer to the petition, and (plaintiffs declining to amend) dismissed the suit, and rendered judgment against plaintiffs for costs.

Plaintiffs appealed, assigning for error the judgment of the court.

*G. F. Chrisman*, for himself.— It is respectfully submitted that, immediately upon the death of Catharine M., the first wife of Thos. A. Pressley, her interest in the community estate of herself and husband vested in her only heirs, the minor plaintiffs, subject only to the payment of the community debts.  .  .  .  The minor plaintiffs, as heirs of their mother, were joint owners or tenants in common with their father in the said tract of land, and were entitled to have the same partitioned in the district court, under the general jurisdiction of that court.  Ellis *v.* Rhone, 17 Tex., 131.  .  .  .  The district court, it is insisted, is the proper tribunal in which the rights and interests of plaintiffs, as against the administrator of the separate estate of Thos. A. and the community estate of him and his second wife, should be determined.  The claim of plaintiffs as against Robinson, administrator of Pressley's estate, is not as distributees of said estate, but as heirs of their mother, and joint owners of the four hundred and fifteen acre tract.  See Rhone *v.* Ellis, cited above.  The father having died in 1873, plaintiffs, as heirs to him, have an interest in his undivided interest in land.  The said interest of plaintiffs' father was his separate property.  It is further shown that the same was his homestead, and being a homestead, did not pass as assets to the said administrator of his separate and of the community estate of himself and his second wife, defendant Mary E.  Pasch. Dig., art. 5487.  It is shown from the petition that Thos. A. Pressley's separate estate and the community of him and his second wife is solvent, and that after payment of all the debts the administrator has on hand the sum of $700.  It is shown that the estate is ready for a general distribution.  The estate being solvent, the homestead was subject to partition, and as against defendant Mary E., the minor plaintiffs are entitled to have their interest in the same set apart to them.  Iams *v.* Thompson, 14 Tex., 467; O'Docherty *v.* McGloin, 25 Tex., 72; Singletary *v.* Hill, 43 Tex., 590; Sossaman *v.* Powell, 21 Tex., 666.  The estate being solvent, it is insisted that plaintiffs' rights in the homestead are determined and fixed by the statutes of descent and distribution, and that their interest in the same is not changed or governed by the provisions of the law regarding the administration of the estates of deceased persons.  But if the homestead of the father, the same being his undi-

vided interest in the four hundred and fifteen acre tract belonging to the estate of himself and his first wife, cannot be partitioned, then, it is submitted, the same must be used for the joint benefit and support of the family, and controlled by the head of the family. Defendant Mary E. is not, by reason of her relationship with the father of the minor plaintiffs, their natural guardian. There is upon her no legal duty to rear, support and maintain them. By her marriage with defendant W. T. M. Robinson, she went out from, and was no longer a constituent member of, the family to which said minors belonged. By her said act an entirely new family was created, with defendant W. T. M. Robinson as its head, and thereby she forfeited and abandoned any rights she may have had in and to said interest of Thos. A. Pressley in said land as a homestead. By reason of the marriage of defendant W. T. M. Robinson with defendant Mary E., no duty was devolved on him either to protect, support or educate minor plaintiffs. An intruder upon the land, and a stranger so far as they are concerned, it is shown by averments in plaintiffs' petition that himself and wife are deriving the sole and exclusive benefit from the occupation of the land,— not only the interest of the deceased husband, but also the interest of said Catharine M., the mother of minor plaintiffs; and it is further shown that said W. T. M. Robinson and wife deny the right of entry upon and possession of any part of said four hundred and fifteen acre tract of land to plaintiffs. It is respectfully urged that plaintiff G. F. Chrisman, as guardian of the estates and persons of the minor plaintiffs, is, by reason of his representative capacity, the head of the family to which said minors belong, as he alone stands *in loco parentis* as to them, and he alone is responsible for the maintenance, support and education of said minors. It is further respectfully submitted that, as appears from the agreement to substitute lost papers, as well as from the judgment of substitution, this suit was filed, and defendants were duly cited, and had filed their defense, at a time prior to the 28th day of March, A. D. 1876. The suit must necessarily have been commenced in the district court, and if that court did not have jurisdiction to finally dispose of the same on the merits, the order should have been made transferring the same to the county court, and should not have been for dismissal.

[No brief for appellees has reached the Reporter.]

Bonner, Associate Justice.— It may be inferred from the brief of counsel, but not from the record, that the court below dismissed this case for want of jurisdiction. If so, this was error. Ellis *v.* Rhone, 17 Tex., 131.

In our opinion, the plaintiffs' pleadings set out a good cause of action, and the court erred in sustaining the demurrer thereto and in dismissing the suit.

This cause of action may be considered from two standpoints: *First.* What were the rights of the plaintiffs on the death of their mother, Mrs. Catharine M. Pressley? *Second.* What were their rights on the death of their father, Thomas A. Pressley, and were these rights changed by the subsequent marriage of his surviving wife, now the defendant Mrs. Mary E. Robinson?

I. At the death of Mrs. Catharine M. Pressley, the community property of herself and Thomas A. Pressley descended, subject to the debts and obligations justly and legally chargeable against the same, one-half to the plaintiffs below, as her children and heirs at law, and the other half to Thomas A. Pressley, as the surviving husband. They thereby became tenants in common. Wright *v.* Hays, 10 Tex., 130; Thompson *v.* Cragg, 24 Tex., 582; Johnson *v.* Harrison, 48 Tex., 254; Tieman *v.* Robson, 52 Tex., 415.

It does not become necessary to decide whether, under the statute then in force, the plaintiffs could have compelled a partition of the homestead after the death of their mother. That this could not be done now, is expressly guarantied by constitutional provision. Const. 1876, art. XVI, sec. 52. Such partition was not sought, but Thomas A. Pressley, as the head of the family, continued to occupy the former homestead, and, under the circumstances, his estate should not be held chargeable with any rents therefor.

As there were no debts against the estate of Catharine M. Pressley, and no necessity for an administration, and no administration in fact, and as Thomas A. Pressley did not qualify as surviving husband under the statute, the plaintiffs could have legally demanded a partition of the remaining lands, not the homestead, and of at least such personal property as was not exempt from forced sale; and if Thomas A. Pressley wrongfully converted any portion of the plaintiffs' half of this property to his own use, his estate would be liable therefor, having due regard to his rights and privileges as the survivor of the community (Lumpkin *v.* Murrell, 46 Tex., 51); or, if he converted it into other property, their rights to it would attach so long as it could be clearly traced and identified.

In addition to his homestead rights, Thomas A. Pressley had also title to an undivided one-half of the land in controversy, and which, as above stated, made him a tenant in common with the plaintiffs. His subsequent marriage with the defendant, now Mrs. Robinson, neither increased nor diminished his homestead rights, but she by that marriage acquired also certain rights. By reason of being his

wife, she was, during his life-time, protected in his homestead, which was the old homestead as it existed at the death of the first wife, Mrs. Catharine M. Pressley, it not having been abandoned nor partition thereof claimed by the plaintiffs.

Thus stood the rights of the parties at the death of Mrs. Catharine M. Pressley and during the life-time of Thomas A. Pressley.

II. What were their rights at the death of Thomas A. Pressley, and were these rights changed by the subsequent marriage of his widow, the defendant Mary E. Robinson?

Whatever rights Thomas A. Pressley had to the old homestead as it existed at the death of the first wife, as against the rights of the plaintiffs to a partition, were personal to him and did not descend to the second wife. To hold otherwise would be to permit parties to pile one homestead upon another, to the probable exclusion of the rights of the children of the first marriage for years, if not during their whole lives, and which might extend even to the children of the third and fourth generations. This would be a perversion of the homestead law from the wise and beneficent objects of its creation.

If Mrs. Robinson, therefore, can claim a homestead on this land at all, it must be in some other right than that which remained to Thomas A. Pressley on the death of the first wife.

Viewed in the most favorable light for her, the second marriage may be considered as the establishment of a new homestead; or rather that this gave her all the rights which would have attached had a new homestead been then established. Considered apart from the first homestead right, and which expired at the death of Thomas A. Pressley, although he could have established a new homestead on the land held by him in common with the plaintiffs, yet he could not have done this to their prejudice. Clements v. Lacy, 51 Tex., 165. It would follow that he could not have established a new homestead to the defeat of their right to a partition of the land, if such partition had been to their interest and they had demanded it. The most that he could have claimed was, that on final partition his claim for improvements should have been respected.

The defendant Mrs. Robinson, as the surviving wife of Thomas A. Pressley, could not, as against the plaintiffs, claim any greater rights than he himself had, and on his death the plaintiffs were entitled to a partition of their interest in the land derived through their mother, and this irrespective of the question of homestead. They are now not only entitled to this, but also to the reasonable

value of the use and occupation of their half, so long as they, after demand therefor, were deprived of this partition and of the right of possession thereunder. They were also entitled to their mother's interest in the personal property or its proceeds, of the first community, or its value, under the rule above stated.

On the death of Thomas A. Pressley, the plaintiffs, in addition to the one-half undivided interest in the land which they inherited from their mother, inherited from him also the remaining half, subject, as to this half, to a one-third interest for life in the defendant Mrs. Robinson, as his surviving wife, under the statute of descents and distribution. The question arises, were the plaintiffs entitled to a partition of this half also?

We are of opinion that as the homestead rights of defendant Mrs. Robinson attached to this half during the life-time of Thomas A. Pressley, and the rights of plaintiffs thereto, as his heirs, did not attach until his death, that their rights to a partition were subordinate to her previously-acquired homestead right; and that so long as this homestead right continues, the plaintiffs cannot legally demand a partition of so much of that half as had been appropriated to a homestead, although they might as to the other portion of it, if any.

We are further of opinion that this homestead right of Mrs. Robinson, though subject at his death to a partition with the plaintiffs, so as to sever the interest which they derived through their mother, was not impaired by her subsequent marriage with her co-defendant, W. T. M. Robinson. Her marriage did not prejudice the rights of the plaintiffs, as without marriage she could have claimed the homestead, as stated above. It is not believed that her marriage should work a forfeiture of her previously-existing legal rights, or that the introduction of a husband into the home of the wife should make it less a homestead, so long as they may continue to claim and occupy it as such.

Upon this branch of the case, we are of opinion that upon the death of Thomas A. Pressley, the plaintiffs, as his heirs at law, were subject to the homestead rights of his surviving wife, now Mrs. Robinson, and subject to an administration upon his estate for the payment of the just debts and charges against it, entitled to a partition and distribution of this estate also, both real and personal

REVERSED AND REMANDED.

NOTE.— I am requested to add, that although the whole court agree upon the result reached, that my brother Stayton, in some particulars, bases his conclusion upon a different ground from that stated in the opinion.　　　　　　BONNER, J.