# THOMAS A. PRESLEY'S HEIRS v. MARY E. ROBINSON ET AL.

## SUPREME COURT, TYLER TERM, 1882.

*Partition—Jurisdiction.*—The District Court has jurisdiction over the subject of partition. (Ellis v. Rhone, 17 Texas, 131.)

*Community Property—Descent and Distribution.*—At the death of the first wife the community property descends, onehalf to the children, as heirs at law, and the other half to the surviving husband, and the children and husband were tenants in common.

*Same*—No administration being necessary, and the husband not having qualified as survivor of the community, the children could legally demand a partition of the lands, not the homestead, and such personal property as was not exempt from forced sale, and the husband's estate would be liable for the wrongful conversion of any portion of the children's one-half interest.

*Same—Homestead Rights.*—The second marriage of a surviving husband neither increases nor diminishes his homestead rights, but the second wife, by such marriage, acquires certain rights. During his lifetime she is protected in his homestead, as it existed at the death of the first wife, it not having been abandoned nor partition thereof claimed by the children.

*Same.*—The rights of the survivor of the first community, as against the children or heirs at law, were personal to him and did not descend to the second wife.

*Same.*—A homestead may be established on land held by tenancy in common, but not to the prejudice of the rights of co-tenants.

*Same—Rents and Profits.*—The second wife could not, as against the children or heirs at law, claim any greater rights than the husband had, and on his death the children, or heirs at law, were entitled to a partition of their interest in the land, irrespective of the question of homestead, and also the reasonable value of the use and occupation of their half, so long as they, after demand therefor, were deprived of their partition and of the right of possession thereunder.

*Same.*—On the death of the father, the children, in addition to the one-half undivided interest in the land which they inherited from the mother, inherited from him also the remaining half, subject to a one-third interest for life in the wife of the second marriage, and the rights of the children to a partition of this latter one-half, were subordinate to the homestead rights of the second wife.

*Same.*—It is not believed that the subsequent marriage of the second wife should work a forfeiture of her previously existing legal rights, or that the introduction of a husband into the house of the wife should make it less a homestead, so long as they may continue to claim and occupy it as such.

Appeal from Tarrant county.

This suit was filed at the March term, 1875, by appellants,

Garnett Presley, Mollie Presley, P. Presley, Jenkins Presley and Josephine Presley, by their guardian, G. T. Chrisman, against Mary E. Robinson and her husband, W. S. M. Robinson, and Randall Robinson, administrator of the estate of Thomas A. Presley. The defendants answered at the same term, but the original papers having been destroyed by fire, were substituted July 25, 1876. The history of the case is as follows :

Thomas A. Presley and Catharine A. Presley, the father and mother of plaintiffs, were married in 1854. They acquired property of the value of $3000, consisting of a tract of land in Tarrant county, of 415 acres, and personal property consisting of horses, cattle, hogs, wheat, corn, etc., and $1000 in money. Upon the tract of land was their homestead. Catharine died in August, 1866, intestate. The community owed no debts. There was no administration upon her estate, nor did her husband qualify as the community survivor. Thomas A. Presley married defendant Mary E. Robinson in 1868. She was a widow and had a homestead on land adjoining the land of Thomas A., which she continued to claim and use as a homstead after her said marriage, but she lived with said Thomas A., as a member of his family, as did also the minor plaintiffs. Thomas A. died in 1873, intestate, and owing no debts and leaving no children by his second wife. He owned at the time of his death, besides his half interest in the land, personal property of the value of $1500, being the property of the first community and the increase, and $1000 in money, most of it belonging to the first community. Immediately after his death, the defendant Mary E. took possession of the money and appropriated it to her own use, to the exclusion of the rights of the plaintiffs, and withheld it from the administration of said Thomas A. The defendant Randall Robinson, who, upon his appointment, took possession of all the personal property belonging to the estate, set apart a portion of it of the value of $1000 to the said Mary E., and sold the remainder thereof to the highest bidder, and after paying such debts as existed, still has on hand $700. The petition further avers that in 1873, defendant Mary E., intermarried with her co-defendant, W. S. M. Robinson, and from that time

they have held exclusive possession of the above described tract of land, including the homestead, excluding plaintiffs and appropriating to their own use the entire proceeds of the land which are worth annually $500. The petition is endorsed as an action of trespass to try title. Plaintiffs aver that defendants Mary E. and her husband, are strangers and not members of the family; that their guardian is the head of the family, and pray for a restitution of their rights in the homestead, judgment for the land, a writ of possession, for judgment against said Mary E. for the sum of money, etc., which she has appropriated, for judgment against her and her husband for the rents and profits of the land, and for judgment against the estate of Thomas A. Presley for the moneys, property, rents, etc., appropriated by him during his lifetime and which belonged to them as the heirs of their mother. They also pray in the alternative for partition, (if they have mistaken their remedy), and that their interest in the land be set apart to them. On the trial August 23, 1876, the court sustained a general demurrer to the petition, and plaintiffs declining to amend, dismissed the suit and rendered judgment against plaintiffs for costs. Plaintiffs appealed, assigning for error the judgment of the court.

Opinion by Bonner, J.—It may be inferred from the brief of counsel, but not from the record, that the court below dismissed this case for want of jurisdiction. If so, this was error. (Ellis v. Rhone, 17 Texas, 131.)

In our opinion the plaintiffs' pleadings set out a good cause of action, and the court erred in sustaining the demurrer thereto and in dismissing the suit.

This cause of action may be considered from two standpoints: First—What were the rights of the plaintiffs on the death of their mother, Mrs. Catherine M. Presley? Second — What were their rights on the death of their father, Thomas A. Presley; and were these rights changed by the subsequent marriage of his surviving wife, now the defendant, Mrs. Mary E. Robinson?

1. At the death of Mrs. Catherine M. Presley the community property of herself and Thomas A. Presley descended, subject to the debts and obligations justly and legally chargea-

ble against the same, one-half to the plaintiffs below as her children and heirs-at-law, and the other half to Thomas A. Presley, as the surviving husband. They thereby became tenants in common. (Wright v. Hays, 10 Texas, 130; Thompson v. Gogg, 24 Texas, 582; Johnson v. Harrison, 48 Texas, 254; Tieman v. Robson, 52 Texas, 415.)

It does not become necessary to decide whether under the statute then in force the plaintiffs could have compelled a partition of the homestead after the death of their mother. That this could not be done now is expressly guaranteed by constitutional provision. (Cons. 1876, Art. 16, Sec. 52.) Such partition was not sought, but Thomas A. Presley, as the head of the family, continued to occupy the former homestead, and under the circumstances his estate should not be held chargeable with any rent therefor.

As there were no debts against the estate of Catherine M. Presley, and no necessity for an administration, and no administration in fact, and as Thomas A. Presley did not qualify as surviving husband under the statute, the plaintiffs could have legally demanded a partition of the remaining lands, not the homestead, and of at least such personal property as was not exempt from forced sale; and if Thomas A. Presley wrongfully converted any portion of the plaintiffs' half of their property to his own use, his estate would be liable therefor, having due regard for his rights and privileges as the survivor of the community, (Lumpkin v. Murrell, 46 Texas, 51,); or if he converted it into other property, their rights to it would attach so long as it could be clearly traced and identified.

In addition to his homestead rights, Thomas A. Presley had also title to an undivided one-half of the land in controversy, and which, as above stated, made him a tenant in common with the plaintiffs. His subsequent marriage with the defendant, now Mrs. Robinson, neither increased nor diminished his homestead rights, but she by that marriage also acquired certain rights. By reason of being his wife she was during his lifetime protected in his homestead, which was the old homestead as it existed at the death of his first wife, Mrs. Catherine M. Presley, it not having been abandoned nor partition thereof claimed by the plaintiffs.

Thus stood the rights of the parties at the death of Mrs. Catherine M. Presley, and during the lifetime of Thomas A. Presley.

II. What were their rights at the death of Thomas A. Presley, and were these rights changed by the subsequent marriage of his widow, the defendant, Mary E. Robinson?

Whatever rights Thomas A. Presley had to the old homestead, as it existed at the death of the first wife, as against the rights of the plaintiffs to a partition, were personal to him and did not descend to the second wife. To hold otherwise would be to permit parties to pile one homestead upon another to the probable exclusion of the rights of the children of the first marriage, for years, if not during their whole lives, and which might extend even to the children of the third and fourth generations. This would be a perversion of the homestead law from the wise and beneficent objects of its creation.

If Mrs. Robinson therefore can claim a homestead on this land at all, it must be in some other right than that which remained to Thomas A. Presley on the death of the first wife.

Viewed in the most favorable light for her, the second marriage may be considered as the establishment of a new homestead; or rather that this gave her all the rights which would have attached had a new homestead been then established. Considered apart from the first homestead right, and which expired at the death of Thomas A. Presley, although he could have established a new homestead on the land held by him in common with the plaintiffs, yet he could not have done this to their prejudice. (Clements vs. Lacy, 51 Texas, 165.)

It would follow that he could not have established a new homestead to the defeat of their right to a partition of the land, if such partition had been to their interest and they had demanded it.

The most that he could have claimed, was, that on final partition, his claim for improvements should have been respected.

The defendant, Mrs. Robinson, as the surviving wife of Thomas A. Presley, could not, as against the plaintiffs, claim

any greater rights than he himself had, and on his death, the plaintiffs were entitled to a partition of their interest in the land derived through their mother, and this, irrespective of the question of homestead. They are now not only entitled to this, but also, to the reasonable value of the use and occupation of their half, so long as they, after demand therefor, were deprived of their partition and of the right of possession thereunder. They were also entitled to their mother's interest in the personal property or its proceeds, of the first community, or its value under the rule above stated.

On the death of Thomas A. Presley, the plaintiffs, in addition to the one-half undivided interest in the land which they inherited from their mother, inherited from him also, the remaining half, subject, as to this half, to a one-third interest for life in the defendant, Mrs. Robinson, as his surviving wife, under the statute of descents and distribution.

The question arises, were the plaintiffs entitled to a partition of this half also?

We are of opinion that as the homestead rights of defendant, Mrs. Robinson, attached to this half, during the lifetime of Thomas A. Presley, and the rights of plaintiff thereto, as his heirs, did not attach until his death, that their rights to a partition were subordinate to her previously acquired homestead right; and that so long as this homestead right continues, the plaintiffs cannot legally demand a partition of so much of that half as had been appropriated to a homestead, although they might as to the other portion of it, if any.

We are further of opinion, that this homestead right of Mrs. Robinson, though subject at his death to a partition with the plaintiffs, so far as to sever the interest, which they derived through their mother, was not impaired by her subsequent marriage with her co-defendant, W. S. M. Robinson. Her marriage did not prejudice the rights of the plaintiffs, as without marriage she could have claimed the homestead as stated above. It is not believed that her marriage should work a forfeiture of the previously existing legal rights, or that the introduction of a husband into the house of the wife,

should make it less a homestead, so long as they may continue to claim and occupy it as such.

Upon this branch of the case we are of opinion that upon the death of Thomas A. Presley, the plaintiffs, as his heirs at law, were, subject to the homestead rights of his surviving wife, now Mrs. Robinson, and subject to an administration upon his estate for the payment of the just debts and charges against it, entitled to a partition and distribution of this estate also, both real and personal.

Reversed and remanded.

NOTE.—I am requested to add, that although the whole court agree upon the result reached, that my brother Stayton in some particulars, bases his conclusion upon a different ground from that stated in the opinion.—BONNER, J.