## W. C. BURNS, GUARDIAN, v. SOPHRONIA FALLS ET AL.

### Decided April 19, 1900.

1. **Homestead—Rights of Widow and Minor Heirs—Rents.**

Where, at the death of the husband, the widow, with several minor children, is left in possession of the homestead, and without abandoning it as a homestead, she thereafter rents it out for their necessary support, she is not liable for a proportionate part of the rents to other minor children of the husband who have voluntarily left the homestead and whose right to joint occupancy thereof has never been denied.

2. **Practice on Appeal—Cross-Assignment of Error.**

The certificate of the clerk of the court below indorsed upon appellant's brief to the effect that the cross-assignment of error contained therein was filed in the trial court and is truly copied in the brief, constitutes a compliance with the rules, and requires consideration of such cross-assignment.

3. **Decedents' Estates—Interest of Children in Proceeds of Exempt Personal Property.**

Since the statute governing the administration of a decedent's estate provides that if there be children of the decedent, of whom the widow is not the mother, the share of such children in the exempt property, except the homestead, shall be delivered to them, or if minors, to their guardian, the minor children of a decedent are en-

titled to recover, through their guardian, of the decedent's widow, their stepmother, their share of the proceeds of exempt personal property which, without administration, has been sold and used by her. Rev. Stats., art. 2049 (4).

APPEAL from Fannin. Tried below before Hon. A. P. PARK, Special Judge.

*John C. Meade* and *Richard B. Semple*, for appellant.

*Lusk & Thurmond*, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant as guardian of the estate of John and May Falls, minors, brought this suit against the appellees, Sophronia Falls, widow of Alfred Falls, deceased, and Myrtle Falls, Margaret Falls, and William Falls, minor children of said Alfred Falls and Sophronia Falls, to recover a portion of a tract of land situate in Fannin County, Texas, together with the rents of said land and the interest of said wards in certain exempt personal property belonging to the estate of said Alfred Falls, deceased. The petition alleged that Alfred Falls was the father of the said wards and of defendants Myrtle Falls, Margaret Falls, and William Falls, and the husband of defendant Sophronia Falls. That said children were all minors on the —— day of July, 1893, when said Alfred Falls died. That said children and widow constituted the family of said Alfred Falls at his death and, as surviving constituents of his family, were entitled to the homestead and other exempt articles owned by said Alfred Falls at his death. That said homestead consisted of 80 acres of land, being the northeast quarter of section 14, league 10, of University lands, and said exempt articles consisted of certain animals, household and kitchen furniture, etc., alleged to be worth $2000. That the mother of plaintiff's wards was named Bettie Falls, and died the wife of Alfred Falls, on December 29, 1882. That Alfred Falls purchased said lands in May, 1883, gave his note for the purchase money, which was $1000, payable December 25, 1885, which he paid with money belonging to the community estate of himself and his wife Bettie, thereby making said land community property of said first marriage. That in 1887 Alfred Falls married defendant Sophronia Falls, by whom he had born of said marriage the three minor defendants. That defendant Sophronia Falls took possession of all said property, rented out the land, collected and appropriated to her own use the rents, which were worth each year since Alfred Falls' death $400. Plaintiff prayed for the recovery of seven-tenths of the land described in the petition, and for $1500 as his wards' portion of the rents of said land and the value of said exempt articles. Defendant Sophronia Falls answered by general demurrer, general denial, and plea reiterating the facts of the marriages, deaths, etc., pleaded by plaintiff, except that they alleged that Sophronia Falls married Alfred Falls on March 5, 1885; that said eighty acres constituted the homestead of Alfred Falls at his death; that while the land was contracted for by Alfred Falls before his

last marriage, yet it was not paid for until after such marriage, and same was community property of defendant and said Alfred Falls; that plaintiff's wards after their father's death abandoned said homestead, and defendants used and occupied it as their homestead; that they had made valuable improvements on the land, etc. The minor defendants, by their duly appointed guardian ad litem, adopted the answer of said Sophronia Falls. The case was tried by the court without a jury and plaintiff recovered judgment against defendant Sophronia Falls, in the sum of $105.68 and costs of suit.

Briefly stated, the material facts as found by the trial court and which are undisputed are as follows:

The land in controversy was not community property of Alfred Falls and his first wife, Bettie, said land having been purchased after the death of said Bettie, and the purchase money paid in part with separate funds of Alfred Falls, and the remainder with community funds of the said Alfred and appellee, Sophronia Falls. The property was the homestead of the said Alfred and Sophronia Falls at the time of the former's death in July, 1893, and for a number of years prior thereto. After the death of her husband, Mrs. Falls continued to occupy the place as the homestead of herself and the minor children of herself and husband, but there was no administration upon the estate of Alfred Falls, and the homestead and other exempt property had never been set aside to her by order of the probate court. At the death of Alfred Falls he left exempt personal property belonging to the community estate of himself and said Sophronia of the value of $767, and which was sold by her for that amount. Out of the proceeds of the sale of said personal property the said Sophronia paid community debts to the amount of $238. Shortly after the death of their father his minor children, John and May Falls, left the homestead and went to live with their guardian, the appellant herein, and they have received no part of the rents derived from said homestead, and no part of the proceeds of the sale of said personal property. Alfred Falls' estate was insolvent at his death. Sophronia Falls has collected rents from said homestead ever since the death of her husband, and has used same for the support of herself and children, and for improvements on the place, the amount paid for such improvements by her being $345. It is not shown how much she has received for rents of the place, but the court finds its reasonable rental value to be $125 per year. Appellees lived on the place until December, 1896, when they moved to Tarrant County, and were living there up to the time of the trial of this cause; but their residence there is only temporary, and when Mrs. Falls moved there she did so with the intention of returning to and occupying her homestead as soon as her children become old enough to cultivate same. Appellee's occupancy and use of the homestead had never been adverse to the rights of appellant's wards. The lower court's conclusions of law upon these facts were as follows:

"1. I conclude that the land in controversy, being the homestead of

Alfred Falls at his death, and continuing to be the homestead of his wife Sophronia, since, is not subject to partition at this time.

"2. I conclude as the homestead can not be partitioned, neither can the rents and revenues arising from said homestead be divided, but the same were rightly collected by said Sophronia Falls and she can not be called to account for any part of the same by plaintiff in this suit.

"3. I conclude that Sophronia Falls, as surviving wife of Alfred Falls, has authority as such surviving wife to appropriate enough of the community property of herself and Alfred Falls, deceased, to pay their community debts owing at the death of said Alfred Falls, and that what remained of the personal property of the estate of Alfred Falls, deceased, after paying said community debts, should be partitioned between plaintiff and defendants."

The only assignment of error filed by appellant attacks the trial court's second conclusion of law as above set out. Under this assignment appellant contends that the facts showing that the appellee, Sophronia Falls, has collected rents from said homestead ever since the death of Alfred Falls, and that appellant's wards have received no part of said rents nor any benefit therefrom, they are entitled to recover in this suit their proportionate share of such rents. We can not agree to this proposition. The court expressly finds that appellees had not abandoned the property as a homestead, and so long as it was used by them as such, or so long as their right to such use continues, they are not responsible to the heirs of Alfred Falls for any portion of the rents or revenues derived from said homestead. The fact that the heirs suing in this case are minors and were also entitled to the use and occupancy of such homestead, does not affect the question, because the facts show that they voluntarily left the homestead, and are voluntarily remaining away from the same, and appellees have never denied their right to the joint occupancy of such homestead, and are not holding possession of same adversely to appellant's wards. So long as appellee, Sophronia Falls, continues to use said premises as her homestead, she is entitled to receive the rents and revenues derived from same, and while appellant's wards are entitled to occupy and enjoy said homestead with said appellee, they can not voluntarily abandon same and require appellee to divide with them the rents and revenues arising from such homestead, especially as in this case the revenues from it are in a measure, at least, the result of the management and care and improvements placed upon the premises by said appellee. Rev. Stats., art. 1996, sec. 4; Pressley's Heirs v. Robinson, 57 Texas, 453. In no event would the appellant be entitled to recover any rents in this case, because he has not shown that any amount was so received by said appellee, the facts showing that the reasonable rental value of the property is $125 per year, but failing to show what, if any, amount of rents have been received by said appellee. King v. Bock, 80 Texas, 156.

Appellees in their brief question the correctness of the judgment in the lower court in awarding to appellant his ward's proportionate share

of the proceeds of the sale of the personal property. There is no cross-assignment in the record raising the question, and it will not be considered by us.

The judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellee, Sophronia Falls, in her motion for rehearing calls the court's attention to the certificate of the clerk of the court below indorsed upon appellee's brief, to the effect that the cross-assignment urged by appellee in her said brief was filed in the court below and a true copy of the same is contained in said brief. This is a compliance with the rules and requires us to consider said cross-assignment.

Our statute in regard to the disposition of the exempt property of the estate of a decedent, section 4, article 2049, Revised Statutes, is as follows: "If there be children of the deceased of whom the widow is not the mother, the share of such children in such exempted property, except the homestead, shall be delivered to such children, if they be of lawful age, or to their guardian, if they be minors, or may be equally divided between them." From this statute it is clear that had the estate of Alfred Falls been administered in the county court and the exempted property of said estate set aside to his widow and minor children, appellant, as guardian of two of said minors who are not the children of the widow, would have been entitled to have received said minor's interest in all of said exempted property, except the homestead. Such being the law, appellee Sophronia Falls had no right to sell the property and appropriate the entire proceeds to her own use, and the trial court did not err in rendering judgment in favor of appellant for his wards' interest in said proceeds. There is no merit in the assignment, and the motion for a rehearing is overruled.

*Overruled.*

Writ of error denied.