Ethel S. JOHNSON et al., Appellants,

v.

Pearl T. TURK et al., Appellees.

No. 8455.

Court of Civil Appeals of Texas, Beaumont.

Aug. 28, 1980.

M. W. Plummer, Houston, for appellants.

Russell C. Ducoff, Marvin Tuck, Houston, for appellees.

KEITH, Justice:

Plaintiffs below appeal from an adverse judgment entered in a bench trial of a trespass to try title case involving title to 4.345 acres of land. The judgment was based upon a recitation therein "that the Plaintiff[s] [have] failed to prove a common source of title as well as failing to prove a record title back to the State...." We disagree with the finding and reverse for the reasons now to be stated.

The common source question being one of the paramount issues in the appeal, we turn first to plaintiffs' complaint that the trial court erred in making the rulings forming the basis of such findings.

We review the record of a second trial of the case. It has been shown that in the first trial, the parties stipulated that Taylor Jefferson, one of plaintiffs' ancestors, was the common source of title. Upon this trial, defendants objected to proof of the common source claiming the description of the land contained in plaintiffs' trial pleading differed from that in the common source stipulation. However, it was established by the uncontradicted evidence of a surveyor that the smaller tract described in the pleadings was included in the larger tract described in the stipulation.

■ Defendants' plea of not guilty put in issue the title to the entire tract, and under *Tex.R.Civ.P.* 802 and 803, upon a showing that they were entitled to recover only a part of the premises, were entitled to recover such part.* *Southern Pine Lumber Co. v. Hart,* 161 Tex. 357, 340 S.W.2d 775, 781 (1960). Under our record, the variance between the description in the stipulation and in the pleading did not warrant the trial court's finding of no proof of common source. See and cf., *Schmidt v. Talbert,* 74 Tex. 451, 12 S.W. 284 (1889). Plaintiffs' first point is sustained.

There is yet another reason which should be mentioned in passing upon the first point of error. Defendants specially plead their title including a conveyance to defendant Turk which recited that the land claimed:

" '... being the same conveyed by Henry S. Hughes and wife, Mrs. Theodora Hughes, to *Taylor Jefferson,* dated June 10, 1874, recorded in Volume 10, Page 91, of the Deed Records of Montgomery County, Texas.' "

■ Thus, it is apparent that defendants were claiming under Taylor Jefferson, plaintiffs' ancestor. We now invoke the rule long prevailing where an abstract of title is involved: A party filing an abstract of title showing a claim under a common grantor will not be heard to attack his grantor's title. See *Evans v. Foster,* 79 Tex. 48, 15 S.W. 170, 171 (1890), for an early statement of the rule. Thus, defendants' own pleadings established the common source of title by virtue of the judicial admission. See and compare *Gevinson v. Manhattan Construction Co. of Oklahoma,* 449 S.W.2d 458, 466 (Tex.1969). Justice Walker in *Gevinson* cited the earlier edition of what is now known as 1A R. Ray, "Texas Law of Evidence" § 1127 (*Texas Practice* 3d ed. 1980), at 280–281 (fn. 33), where the rule is stated with accuracy and simplicity:

"As long as the pleading remains unamended or the admission stands unretracted, the fact alleged or admitted, *for the purposes of the case,* is accepted as true by the court and jury and binding on the party making it, i.e. he cannot introduce evidence to contradict it."

The author cites many cases supporting the well–established rule, and the citation of cases would unduly lengthen this already lengthy opinion.

We turn now to the merit of plaintiffs' title noting that Taylor Jefferson, the common source, was possessed of the property under color of title at the time of his death. Thereafter, the probate court awarded Betty Simon, his second wife, "the late homestead of 17 acres ... *during* her natural life ...," and the inventory shows that this was the only piece of real property he owned (the 4.345 acres now in controversy being a part thereof). She had a life estate in the homestead created by law. *Thompson v. Thompson,* 149 Tex. 632, 236 S.W.2d 779, 786 (1951). But, upon her death, the children of Taylor Jefferson became entitled to

---

* *Rule 802:* "Where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs."

*Rule 803:* "Where there are two or more plaintiffs or defendants any one or more of the plaintiffs may recover against one or more of the defendants the premises, *or any part thereof,* or any interest therein, or damages, according to the rights of the parties."

All emphasis herein has been supplied unless otherwise indicated.

possession of the homestead. *Pressley's Heirs v. Robinson*, 57 Tex. 453, 460 (1882).

 We have reviewed the evidence of heirship, and, while there is testimony from a disinterested witness as well as from one of the plaintiffs, we are unable to hold, from a consideration of the entire record, that plaintiffs established such heirship as a matter of law. See and compare *Collora v. Navarro*, 574 S.W.2d 65, 68–69 (Tex.1978).

 Moreover, under the trial court's erroneous ruling on common source, defendants were deprived of an opportunity of offering evidence tending to support their defense of limitations.

 Having found error in the record, we reverse the judgment of the trial court; but, it appearing that the case has not been fully developed, and in the interest of justice, we remand the cause for a new trial on the merits. See *Appellate Procedure in Texas* § 22.16 (2d ed.1980), at 535. It is so ordered.

REVERSED and REMANDED.

CLAYTON, J., not participating.