Wheeler, J.
The questions which it is deemed material to consider arise upon the rulings o£ the court on the pleadings and instructions asked and on the judgment on the merits.
The portions of the answer to which exceptions were sustained, set up as matters of defense that the hill of sale was executed without consideration, and for the sole purpose of enabling the vendee, as agent or trustee for the plaintiff, to regain for him the possession of the negroes from a stranger and wrongdoer, who had forcibly and unlawfully gotten possession of and held them without any claim of right. Was it compietent for the defendant to aver and prove that such was the intention of the instrument? If that intention had been expressed in the instrument, there can be no question that it would have constituted the nominal vendee, the plaintiff' in this case, a more agent or trustee. The right of property would not have passed by the deed; and as soon as the purpose for which it was given had been accomplished, the agency would have been determined, and with it the right to control the property. The question, therefore, is, whether the trust asserted by the answer may be proved by parol; and this question, it is conceived, must be determined in the affirmative.
The subject was examined in the case of Mead v. Randolph. (8 Tex. R.) It was there considered as settled, that “parol testimony is admissible to prove “that a deed or instrument, absolute on its face, was executed and delivered “upon certain trusts not reduced to writing, and which the grantee promised “to perform.” The authorities were reviewed; and the reason of the rule and the principles on which it is founded were explained in the opinion of the court in that ease, and need not be here repeated.
Even if the plea had not asserted an express understanding between the parties as to the object of the trust, yet the averment that the deed was obtained by the plaintiff fraudulently and without consideration brings the present within the class of cases in reference to which the doctrine of implied trusts is applied and euforcsd. (4 Kent. Com., 6th Ed., 305, 306, and notes.)
The plea disclosed no intention on the part of McClenny in giving the bill of sale to hinder or delay creditors, or to defeat any right or claim of right of Knight, or any other person, or to accomplish any illegal or improper object. It asserts simply an agency or trust, legal and proper in its purposes, which it was comjietent for the defendants to prove by parol; and which if proved as averred was a good defense to the action. We are of opinion, therefore, that the court erred in sustaining exceptions to the plea; and it becomes material to inquire whether the error is of such a character as to require a reversal of the judgment.
In general, where exceptions have been improperly sustained to any plea of the defendant, the judgment will be reversed. Where the court has so ruled upon the pleadings as that the defendant may have been thereby deprived of a legal defense, as where exceptions have been sustained to a p>lca which presented a good defense in law, though upon the trial the evidence conduced to show the facts to be otherwise than as stated in the plea, the court will not assume that if it had been permitted to stand the defendant would not have produced evidence sufficient to establish its truth, and will reverse the judgment and remand the case, to afford him that opportunity; and for this obvious reason: the ruling of the court upon the sufficiency of the plea may have prevented the defendant from coining prepared with evidence to establish the truth of the matters averred, and may thus have deprived him of a j ust defense. Unless indeed it has been made manifestly to appear upon the trial that the pica cannot be proved, and, consequently, that the matter pleaded never can avail the defendant, the court will not assume that the defendant had not, in fact, a good defense, or that, if not prevented by the ruling of the court, he would not have established it by proof. But where, notwithstanding the ruling ■upon the plea, tne case has been tried upon the matters embraced in- it; the defendant having introduced evidence, full to those matters, and the jury having been instructed in reference to them, and having passed upon them, as *83 ii they were legally in issue; and it has been made manifestly to appear that the plea could not possibly have availed the defendant, had it been permitted to stand; and, consequently, that he cannot be benefited by a reversal of the judgment, we can perceive no good reason why the erroneous ruling, upon the sufficiency of the plea, should not be treated as a mere irregularity in practice not affecting the real merits of the controversy, and not affording a ground for reversing the judgment. Snch is the case presented by the record before us. The case was in fact tried upon the merits of the plea. The defendants were permitted to introduce evidence touching its truth; and it appears from the testimony of their own witnesses that tlie bill of sale to Floyd was, in fact, made to defeat a claim of title to the negroes, under a bill of sale previously given by McClenuy to Knight; that the plea, is, therefore, untrue, and that the defense set up by it could not possibly avail the defendant upon another trial. To reverse the judgment and remand the cause, therefore, on account of the erroneous ruling upon the sufficiency of the plea, would be further to protract the litigation in this case for no beneficial purpose whatever.
As it manifestly appears that the defendants can have suffered no injury by the ruling in question, we should be disinclined for that cause to reverse the judgment. But the verdict gave thirty-two hundred and sixty dollars damages for the detention of the negroes for which the court gave judgment; and there does not appear to have been any proof of the value of the services of the negroes, or that their services were of any value whatever. The finding appears to have been without reference to any evidence or known rule regulating the measure of damages. There may have been evidence which was overlooked or casually omitted in making up the statement of facts. If so we have no power to remedy the omission. As presented by the record the verdict, as to damages, appears to have been arbitrary, and unsupported by any evidence. It cannot, therefore, upon any legal principle, be supported. This objection to the judgment will require that it be reversed and a new trial awarded.
The doctrine maintained by the court in the instructions to the jury in so far as they are deemed to require notice, is in accordance with the view we entertain of the law. If the contract as assumed in the 3d instruction asked and refused had been executory, and made to defeat creditors or others of their lights, then unquestionably, it is true, as insisted, that the plaintiff could not have the aid of a court of justice to enforce such a contract; and the third instruction would have been proper. But this was an executed contract; and though void under the statute of frauds, as to third persons whose rights it was intended to defeat, it was binding upon the party. (4 Tex. R., 411; Stat. of Frauds, sec. 2, Hart. Dig., art. 1452.) He cannot avoid his deed by averring his own fraud. While a court of justice will not lend its aid to enforce ail executory contract which is tainted with fraud, it will be equally averse to assist the fraudulent grantor to rescind an executed contract. The law abhors fraud; and will neither lend its aid to enforce a fraudulent agreement, nor to relieve a party from the consequences of his own fraudulent act or deed.
It is unnecessary to revise the rulings of the court upon all the various instructions asked by the defendants. On the facts as presented by the record, the law of the case upon the question of title is unquestionably with the plaintiff. The bill of sale to Floyd was made evidently to defeat one previously made to Knight by McClenuy, to defraud his creditors. That to MeGown was made to defeat'that made to Floyd. McClenuy having succeeded in defrauding his creditors in Alabama, resorted to the device of a second fraudulent conveyance to defeat the title of his own fraudulent vendee.
A party cannot defeat one fraudulent conveyance by another made to a person cognizant of the fraud. To permit that would bo to give sanction and encouragement to the fraudulent practices. It would be to give countenance to the perpetration of a series of fraudulent acts, such as the defendant McClen-ny has sought to avail himself of in this case to escape from the consequences of his original fraudulent conveyance; and it would bo attended with the worst consequences to the peace and good order of society.
*84 The defendant McG-own occupies no better condition than his co-defendant. He admits his knowledge of the “sham sale,” as he denominates it, from Mc-Clenny to Floyd. He therefore cannot protect his purchase on the ground that he is an innocent purchaser. Having notice of the fraudulent conveyance, his rights under his deed rest on no higher ground than those which his purchase was intended to defeat. And the latter have this advantage that they are prior-in point of time.
It was thought proper thus to state succinctly our opinion on the principal questions arising upon the merits of the case, in order that there may be no occasion for a second appeal.
The judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
Note 29. — Cuney v. Dupree, 21 T., 211; Grooms v. Rust, 27 T., 231; Barnett v. Logue, 29 T., 289.
Note 30. — Taylor v. Hall, 20 T., 212.
Note 31. — Hoeser v. Kraeka, 29 T., 450; Wilson v. Trawick, post, 428.