P. F. GIBBS ET AL. *v*. MARY ANN PENNY ET AL.

1. MORTGAGE—PAROL EVIDENCE.—That a deed absolute on its face may be controlled by parol evidence showing that it was intended as a mortgage has long been the settled law in this State.

2. SAME.—See facts held sufficient evidence that a deed absolute on its face, was a mortgage, and not a conditional sale.

APPEAL from Panola. Tried below before the Hon. George Lane.

*Drury Field*, for appellants.

*A. M. Carter*, for appellees, cited Hughes v. Edwards, 9 Wheat., 495; Skinner v. Miller, 5 Littell, 86; 2 Story Eq., secs. 1018, 1019; Russell v. South, 12 Wheat., 147; Thompson v. Davenport, 1 Wash., 126; Ross v. Norvell, Ib., 14; Day v. Dunham, 2 Johns. Ch., 182; Conway v. Alexander, 7 Cranch, 237; Secrest v. Turner, 2 J. J. Marsh, 471; Bright v. Wagle, 3 Dana, 253; Mann v. Falcon, 25 Tex., 271; Van Vronker v. Eastman, 7 Met., 157; Mahone v. Williams, 39 Ala., 202.

*J. G. Hazlewood*, also for appellees, cited 4 Kent, 159; Stamper v. Johnson, 3 Tex., 1; Mead v. Randolph, 8 Tex., 196; Buford v. Holliman, 10 Tex., 560; Hawley v. Bullock, 29 Tex., 222; Watkins v. Edwards, 23 Tex., 447; Hill v. The State, 27 Tex., 609; Weathered v. Boone, 17 Tex., 149; Thomas v. Hill, 3 Tex., 270; Egery v. Powers, 5 Tex., 501; Simpson v. Huston, 14 Tex., 476; Swinney v. Booth, 28 Tex., 113; Castro v. Gentilly, 11 Tex., 29.

GOULD, ASSOCIATE JUSTICE.—It is evident that the jury found for the plaintiffs on the ground that the conveyance made by John W. Penny to defendant Gibbs, though absolute on its face, was, in fact, designed to operate as a mortgage, and that the defendant, Margaret Moore, had notice of the real nature and object of the transaction. The principal question in the case is the sufficiency of the evidence to support this finding.

The account of the matter given by defendant Gibbs himself is, that Penny being at the time indebted to Gibbs on account, and wishing to take a trip to Alabama for the purpose of getting money there, applied to him to borrow two hundred dollars to enable him to make the trip. Gibbs says that he refused to lend him the money, but told him that "if he would deed him the land in question, he would let him have the two hundred dollars to go to Alabama on;" and further said that he told Penny he would

36

reconvey the land "to him, Penny, if Penny would come back in three months and pay the two hundred dollars back with 25 per cent. interest on the same; to which Penny agreed, and the deed was executed and the money paid to Penny; that he did not want the land, but he thought if he could let Penny have this money he would go to Alabama, get the money, and pay it back with the interest, and he thought he could get pay for the account, was why he let him have the money." Whilst he says that the deed was not a mortgage, he also says that he would not have let Penny have the money without security; and that if Penny had come back and paid the two hundred dollars with interest within the three months, he would have reconveyed the land; but that as he did not, he, Gibbs, regarded the land as his own. The deed is in the ordinary form, with covenants of warranty, and recites a consideration of two hundred dollars. Gibbs testifies that at the date of the deed, February 7, 1867, two hundred dollars was as much as the land was worth; but there is other testimony to the effect that it was at no time worth less than five hundred dollars, and one witness says it was worth one thousand dollars in February, 1862; that Penny and wife paid five hundred dollars for it in 1851; that there were sixty or seventy acres of open land, the annual rent of which was estimated by no witness at less than $1.50 per acre, and by most at rates that would make its annual rental equal or exceed two hundred dollars. It was in proof that before leaving for Alabama, Penny rented the improved land on the place to James Donohue for the year 1867 for $2.25 per acre, and that this tenant was still on the place in November, 1867, when Margaret Moore bought of Gibbs. Margaret Moore, the other defendant, denies in her testimony that Gibbs told her his claim was a mortgage, but at the same time shows that Gibbs had given her substantially the same account given by him on the stand; and further, that Gibbs told her " that Mr. Penny

had told him or wrote to him that if he, Penny, was not there by a certain time, that he, Gibbs, could sell the land and make his money out of it." It was in evidence, brought out by questions propounded by the defendant, that Penny in his lifetime claimed that the transaction was a mortgage.

It does not appear when Penny returned, but in his absence defendant Margaret Moore bought of Gibbs and moved on the place whilst Donohue was still there as tenant of Penny.

We think these facts sufficient to justify the verdict.

That a deed, absolute on its face, may be controlled by parol evidence, showing that it was intended as a mortgage, has long been the settled law in this State. (Stampers *v.* Johnson, 3 Tex., 1; Carter *v.* Carter, 5 Tex., 93; Mead *v.* Randolph, 8 Tex., 196.)

The character of the transaction is determined, not by the form of the contract, or the name given it by the parties, but by their real agreement and intention, and the construction which the law affixes thereto. (Id., and Ruffier *v.* Wood, 30 Tex., 343.)

If the conveyance is in fact designed as a security for the payment of money, equity treats it as a mortgage. (Stampers *v.* Johnson, 3 Tex., 1.)

A conditional sale is a contract which, when established, this court has said will be upheld and enforced, but the facts must show that this was the true character of the agreement. (Ruffier *v.* Womack, 30 Tex., 343.)

The question as to the nature of the conveyance is a question of fact and intent for the jury. (3 Tex., *supra,* 1 Hilliard on Mortg., ch. 5, sec. 3.)

In this case, if we regard the object of the parties, it does not appear to have been a sale. If we look to the surrounding circumstances, the inadequacy of the price, and the necessitous circumstances of Penny, coupled with the fact of his renting the place for the current year as his

own, they add force to more direct evidence of intention. (3 Tex., *supra.*)

The assignment of errors says the court erred in its charge, but does not point out the error. Our examination of the charge, however, leads us to the conclusion, that it correctly instructed the jury as to the distinction between a mortgage and a conditional sale, and on the subject of notice, and indeed on the law of the case.

Under the instructions of the court, the jury having found for the plaintiffs the land sued for, also gave them a verdict against both defendants for the sum of $496; apparently, the excess of the rents over the $200 advanced by Gibbs, with 12 per cent. interest. The plaintiffs, however, remitted all except $250. As to the defendant, Moore, who actually occupied the land, this moneyed judgment is manifestly correct. As to Gibbs, it does not appear that the $250 exceeds or even equals his liability independently of the question of rents. In the state of the record we do not feel called upon to pass on the question of his liability for rents, by reason of his sale and the occupation of his vendee. He filed no answer whatever, nor an exception to plaintiff's amended petition, and as this does not appear to have been acted on by the court, it might be regarded as waived.

There is no assignment of error which presents the question, and in affirming the judgment it is not intended to pass upon it.

The judgment is affirmed.

                                 Affirmed.