Adopted December 9, 1890.

---

### Sam Evans v. Mary C. Foster et al.

### No. 2650.

1. **Common Source of Title—Practice.**—A defendant in an action of trespass to try title having filed an abstract of his title in which he claims under a common source with the plaintiff, will not be heard to attack the chain of title between the *common source* and the sovereignty.

2. **Possession Considered Equivalent to Occupancy.**—It was not error in the court in charging upon the defense of limitation of ten years to use the word *occupied* in the sense of *possessed*. The words are so nearly identical in meaning that the charge is not erroneous.

3. **Title by Limitation of Ten Years.**—The possession by an intruder without any title continued in hostility to the owner for ten years will confer title under the statute, but only to the extent of the possession, and would not extend beyond the land actually occupied.

4. **Charge Must Only be Upon the Issues Made.** — See facts held not to require a charge upon the effect of an agreed line between tenants in common or adjoining land owners.

5. **Charge—Report of Survey.**—A report of survey made under order of court was read in evidence. It reported a rock for a corner of the tract as upon the ground and recognized for many years as the corner of the tract in controversy. *Held*, proper to refuse a requested charge confining the jury to course and distance unless there were natural objects called for in the patent still existing, etc. See example.

6. **Same.**—In determining the locality of a boundary line the inquiry is, where was it in fact located? not where it ought to have been located.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham. The opinion contains a statement.

*M. D. Priest,* for appellant.— 1. Administrator's deed, without order of sale and confirmation, is not sufficient to convey title.

2. Such a deed could not convey more than the undivided half of Rachel Mulliken, and therefore the proof showed an outstanding title in persons not before the court, and under such circumstances no valid judgment could be rendered in favor of plaintiff for any part of the land. Parks v. Dial, 56 Texas, 263; Zacharie v. Waldrom, 56 Texas, 116.

3. A deed by one tenant in common conveying by metes and bounds is null and void as a conveyance, and will only be recognized in equity as a conveyance of an undivided interest to the extent of quantity conveyed. Camoron v. Thurmond, 56 Texas, 22.

4. Actual occupancy is not necessary to support plea of statute of limitation. Actual possession is all that is required, and enclosure of all is not necessary. Kimbro v. Hamilton, 28 Texas, 565; Land Co. v. Williams, 51 Texas, 51; Cochrane v. Faris, 18 Texas, 855.

5. Actual enclosure or occupancy is not necessary except where the owner of the superior title is also in possession of some part of the tract. Ledyard v. Brown, 27 Texas, 405.

6. The court erred in refusing charges asked by defendant relating to the manner of determining the true line of survey, and instructing the jury that if there be no existing well defined natural objects that they should be governed by course and distance, said charge truly presenting the law. Phillips v. Ayres, 45 Texas, 607; Robinson v. Doss, 53 Texas, 506.

*Hogsett & Greene,* for appellees.—The title exhibited by plaintiffs was sufficient to entitle them to recover against a trespasser, and the court's instruction was correct. Frisby v. Withers, 61 Texas, 134; Manchaca v. Field, 62 Texas, 136; Sanger v. Moody, 60 Texas, 98, 99; Tucker v. Murphy, 66 Texas, 356; Johnson v. Timmons, 50 Texas, 521.

ACKER, PRESIDING JUDGE.—Mary C. Foster, joined by her husband Isaac Foster, brought this suit on the 7th day of February, 1885, against Sam Evans, in the usual form of trespass to try title to a part of the Felix G. Mulliken 640-acres survey of land, described in the petition. The defendant answered by the plea of not guilty, and the three, five, and ten years statutes of limitation.

By supplemental petition the plaintiffs pleaded their intermarriage with each other in the year 1853, and that Mary C. Foster had ever since been and was at that time a married woman.

A trial by jury resulted in verdict and judgment for plaintiffs. The defendant appealed.

The first assignment of error presented is: "The court erred in that part of its charge to the jury wherein the jury are told that the title papers exhibited in evidence were sufficient to vest title in plaintiffs to the land embraced in the Mulliken survey, because plaintiffs claimed under a deed purporting to be made by Rachel Mulliken, wife and administratrix of the estate of Felix G. Mulliken, deceased, when no order of sale or confirmation had been read in evidence, and because said deed could not in any event convey more than the undivided interest of the said Rachel Mulliken in the land; and further, because plaintiff claimed under a deed conveying by metes and bounds a certain portion of said·survey, which said deed was void as to the owners of the remaining interest and did not vest title in said lands in plaintiffs."

This assignment cannot be sustained, for the reason that the defendant filed an abstract of his title under the statute, in which he stated that he claimed under M. J. Brinson as common source. M. J. Brinson having acquired title through the transfer of the certificate by Rachel Mulliken to Leonard, the defendant could not question the validity of that or any other link in the chain of title between the sovereignty of the soil and the admitted common source. Pearson v. Flanagan, 52 Texas, 279; Glover v. Thomas, 75 Texas, 507.

We think that in any view of the question this assignment of error can not be sustained.

The next assignment of error presented is: "The court erred in that part of its charge to the jury which restricts the right of defendant to recover under the statute of limitations to such part of said land as was actually occupied by him, because actual occupancy was not proved or relied upon by defendant and was not necessary, actual possession being sufficient and all that was attempted to be proved, and said charge was calculated to mislead the jury."

The charge complained of is as follows: "If you believe from the evidence that prior to the marriage of plaintiffs the defendant was in the actual possession of the land in controversy, or any part of the same, claiming the same as his own, and that such possession continued for ten

years, then you should find for the defendant so much of the land as he may have so held; but such possession, in order to entitle him to recover by reason thereof, must have been actual, continued, visible, and hostile to the true owner, and the recovery by reason of such possession would be restricted to the land so held and occupied by him, if any."

We do not think this charge was calculated to mislead the jury. The word "possession" is used all the way through the charge, and the connection in which the word "occupied" is used shows clearly that the judge used it as synonymous with the word "possessed." In common acceptation the words are synonymous and are understood to mean the same thing. Webster defines occupancy as "possession;" occupy, "to possess;" possession, "actual seizin or occupancy;" possess, "to occupy in person." Bouvier defines occupancy as "the taking possession of those things corporeal," etc. The same author defines possession as "the detention or enjoyment of a thing which a man holds or exercises," and says that "in order to complete a possession two things are required—1, that there be an occupancy, and, 2, that the taking be with an intent to possess." The very liberally cultured professional mind may be able to discover a technical difference in the meaning of the two words, but we are inclined to the opinion that a court would find great difficulty in defining that difference to the understanding of an average jury.

The defendant did not claim under the Mulliken grant, but under an adjacent grant, and if he or those under whom he claims ever had possession of any part of the Mulliken survey it was not under claim or color of title to any part of that survey, and he was therefore an intruder, a mere trespasser, to the extent of such possession, and would not be entitled to recover on his plea of limitation beyond the land actually occupied by him. Whitehead v. Foley, 28 Texas, 283; Cantagrel v. Von Lupin, 58 Texas, 578; Bracken v. Jones, 63 Texas, 184; Carley v. Parton, 75 Texas, 102.

We think the court did not err in giving the charge here complained of.

The next assignment of error presented is: "The court erred in refusing to give first charge asked by defendant, because there was evidence tending to show that a line had been agreed on by defendant and B. L. Samuels, plaintiffs' vendor."

The special charge referred to in this assignment is as follows: "If the jury believe from the evidence that during the lifetime of B. L. Samuels, and while he claimed to own the Mulliken survey, he and defendant agreed on a line of partition between them, such line would be held conclusive as to said Samuels and those claiming under him."

The evidence did not authorize the charge. The defendant never claimed to have title or color of title to any part of the Mulliken survey, nor is there any evidence even tending to show that he and Samuels were ever joint owners or tenants in common of any land of which they might

have agreed upon a partition. The defendant testified that he and Samuels agreed at one time to exchange lands on each side of a certain line, acre for acre, the one getting the excess in acres to pay the other $10 per acre for such excess; and he also testified that the agreement was never carried out, but was subsequently revoked. There was no other evidence as to an agreed line.

We think there was no error in the court's refusal to give the special charge asked.

Under the seventh assignment of error it is contended that the court erred in refusing to charge the jury that in order to make an administrator's deed valid as a muniment of title, it must be accompanied by orders of sale and confirmation.

What we have said in discussing the first assignment of error presented disposes of this one.

The next and last assignment of error is: "The court erred in refusing the fifth and sixth charges asked by defendant."

The fifth charge asked is as follows: "The jury are instructed that in determining the locality of the line of the Mulliken survey you will be governed by the report of survey unless the same is shown to be incorrect by a preponderance of the proof; and unless it has been shown that there are distinctly marked natural objects called for in the patent and yet existing and susceptible of identification by the call in the patent, then course and distance govern, and you should in such case find the line to be where it is located by the report of survey as made according to course and distance; and if from all the evidence you believe that the report of survey is incorrect, yet you also believe that course and distance is more reliable than the testimony offered by plaintiffs, then in such case you should find said line to be where the survey according to course and distance puts it."

This charge, if given, would have confined the jury to the consideration of course and distance only in determining the locality of the southeast corner of the Mulliken survey, unless it appeared from the evidence that there are distinctly marked natural objects called for in the patent yet existing and susceptible of identification by the calls in the patent. We do not understand this to be the law. In determining the locality of a boundary line the inquiry is, where was it in fact located? and not where it ought to have been located.

The defendant's land is east and south of plaintiffs'; the field notes of the title papers under which both parties claim call to begin at the southeast corner of the Mulliken survey. The plaintiffs' title papers locate that corner at a rock set in the ground. The report of the survey made under order of the court shows this rock to be 141 varas further south than distance called for from the northeast corner of the Mulliken survey would place it, and about 70 varas further south than course and distance called for from the southwest corner of the Mulliken survey would place it; but

it appears from the uncontradicted evidence that the rock was placed there for the southeast corner of the Mulliken many years ago, when the bearings called for in the field notes were found and identified upon the ground and fixed the southeast corner where the rock was placed and where it was at the time of the trial.

We think no state of facts would have authorized giving the fifth special charge. It was peculiarly inappropriate to the facts of this case, and the court did not err in refusing to give it.

The sixth special charge asked presents the same question disposed of by the first assignment of error presented, and it will not be further discussed.

We are of opinion that the judgment of the court below is correct, and that it should be affirmed.

*Affirmed.*