### JOHN P. DAVIDSON v. REUBEN CHANDLER AND WIFE.

Decided December 6, 1901.

1.—Execution—Parol Evidence—Clerical Error.

Parol evidence is admissible to show a clerical error in the return of an execution, such as a wrong recital of the date of the levy.

2.—Same—Trespass to Try Title.

Where in trespass to try title the defense was a purchase of the land at execution sale against the plaintiff, it was error to exclude the execution, which was issued June 9, 1899, and the sheriff's deed thereunder, on the ground that the return recited that the writ was issued and levy made June 1, 1899, and that the deed also recited the levy as made on that date, it sufficiently appearing from the execution and return that the date of levy entered on the return was a clerical error, and defendant having offered evidence to show the mistake.

3.—Trespass to Try Title—Common Source.

Where in trespass to try title it was agreed that plaintiff was the common source of title the burden was on defendant to show that he had acquired the plaintiff's title.

Appeal from Nacogdoches. Tried below before Hon. Tom C. Davis.

*Ingraham, Ratcliff & Huston,* for appellant.

GARRETT, CHIEF JUSTICE.—This was an action of tresspass to try title brought by Reuben Chandler and his wife, Patsey Chandler, against John P. Davidson for the recovery of fifty acres of land. The defense pleaded was a purchase of the land at execution sale against Reuben Chandler. When the cause came on for trial the parties agreed that Reuben Chandler was common source of title. Plaintiffs then introduced a deed dated February 8, 1892, from Thos. McCuistion to Reuben Chandler for the land, and no other evidence. The defendant introduced in evidence a judgment in his favor against Reuben Chandler, recovered May 29, 1899, for $37.01, before W. D. Peevey, J. P. precinct 1, Nacogdoches County, Texas. The defendant offered in evidence an execution regularly issued upon this judgment, June 9, 1899, together with the return thereon showing a levy upon the land in controversy and the sale thereof by the constable to the defendant. The return recited that the writ came to hand on the first day of *June,* 1899, and was executed on the same day by levying, etc. It showed due advertisement of sale for

the first Tuesday in August, 1899, being the first day of said month. He also offered a deed from the constable to himself for the land which was regular except that it recited that the levy was made *June* 1, 1899. Plaintiff objected to the admission of the execution and deed in evidence, because it appeared that the execution was issued *June* 9, 1899, and the return of the officer showed that the levy was made *June* 1, 1899. The defendant offered to show by the evidence of F. D. Huston that, as attorney for Davidson, he wrote the return on the execution, and that June 1, 1899, should have been July 1, 1899, and that *June* was a clerical error and should have read *July.* But the court refused to hear the testimony of Huston, sustained the objection and excluded the execution and deed, and rendered judgment in favor of the plaintiffs for the recovery of the land.

The court erred in excluding the execution and deed offered in evidence by the defendant. It sufficiently appeared from the execution and return that the date of levy entered on the return was a clerical error. There was a valid levy, advertisement, and sale, and a clerical error in the return will not vitiate the sale. It was not even an irregularity for which the sale might have been set aside in a direct proceeding for that purpose, and it is well settled that the question of irregularity or error in the execution or proceeding under it by the sheriff can never be discussed collaterally in any other suit. Bogges v. Howard, 40 Texas, 158. The title of the purchaser does not rest upon the entry of the levy. All that he is required to do is to show a valid judgment, execution, and sale. Coffee v. Silvan, 15 Texas, 354; Riddle v. Bush, 27 Texas, 677; Holmes v. Buckner, 67 Texas, 110. Parol evidence was admissible to show the clerical error in the return. Holmes v. Buckner, supra. We do not think there can be anything in the contention that, having admitted that he was common source of title, it devolved on plaintiff to show that he had a better title than the defendant. The effect of the agreement was an admission by the defendant that the title had been vested in the plaintiff, and by the plaintiff only that the defendant was claiming title from him. Plaintiffs might have rested on the agreement alone which would have required defendant to show that he had acquired the plaintiffs' title. For the errors indicated the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*