## DURHAM et al. v. SCRIVENER et al.
### (No. 619—4125.)

(Commission of Appeals of Texas, Section A. March 18, 1925.)

**1. Courts ⬧⬧475(1)—Court having taken possession of property has exclusive jurisdiction to determine all issues in regard thereto.**

Where court of competent jurisdiction has taken property into its possession, it has exclusive jurisdiction to determine all issues in regard thereto, and such property is withdrawn from jurisdiction of all other courts.

**2. Courts ⬧⬧500—Suit to cancel deeds held not abated on theory of invasion of Supreme Court's possession of same property in suit to establish state boundary.**

Where, after filing of suit to cancel deeds of oil lands, suit was instituted in Supreme Court of United States to determine whether lands involved belonged to Texas or Oklahoma, in which suit receiver was appointed and took actual possession, *held*, suit to cancel deeds was not subject to abatement on theory that Supreme Court had acquired exclusive jurisdiction and that continuance of suit would be invasion of Supreme Court's possession.

**3. Courts ⬧⬧78—Supreme Court is without authority to promulgate a court rule which violates statutory law.**

Supreme Court is without authority to promulgate a court rule which violates statutory law.

**4. Appeal and error ⬧⬧1172(1)—Court's affirmance of judgment in part and remanding in part held proper under statute.**

Rev. St. art. 1626, relating to disposition of case which may be made by reviewing court, does not preclude affirmance of judgment canceling deeds to oil lands and at same time reversal of part which relates only to relief to be awarded by reason of fact that part of lands had been conveyed to an innocent purchaser and remanding on ground that damage to be assessed or matter to be decreed is uncertain.

**5. Appeal and error ⬧⬧1172(1)—Statute providing only one final judgment shall be rendered in any cause applies only to trial courts.**

Rev. St. art. 1997, providing only one final judgment shall be rendered in any cause, is applicable only to trial courts.

**6. Appeal and error ⬧⬧1172(3)—Issues held severable so as to warrant affirmance in part and reversal in part by Court of Civil Appeals.**

Issues in suit to cancel deeds and for damages *held* severable, so as to warrant affirmance in part and reversal in part by Court of Civil Appeals.

**7. Appeal and error ⬧⬧878(6)—Defendants in error, who had not complained of judgment, held not entitled to entry of judgment by Supreme Court on basis of settlement effected after hearing below.**

Where defendants in error in Supreme Court did not complain of Court of Civil Appeal's action in reversing and remanding part of judgment of trial court against particular defendants, they were not entitled, on effecting settlement with part of parties as to which judgment was remanded, to have judgment entered in Supreme Court dismissing as to such parties, and judgment entered against others as to whom it had been reversed and remanded.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Chas. P. Scrivener, in which W. B. Wortham intervened as coplaintiff, against R. L. Durham and others. From judgment of Court of Civil Appeals (259 S. W. 606) affirming in part and reversing in part judgment for plaintiffs, defendants bring error. Judgment of Court of Civil Appeals affirmed.

N. A. Rector, of Laredo, R. H. Ward, of Houston, W. D. Gordon, of Beaumont, and Jno. W. Hornsby, of Austin, for plaintiffs in error.

Dougherty & Dougherty and H. S. Bonham, all of Beeville, and J. D. Moore, of Austin, for defendants in error.

BISHOP, J. On May 9, 1919, Chas. P. Scrivener by his deed conveyed to W. M. Campbell a one-eighth undivided interest in 621 acres of land, being the B. F. Blount survey, 331 acres, the A. A. Durfee survey, and 640 acres, the Lucinda Meadows survey, in consideration of $1,600 cash. Said Scrivener and W. B. Wortham on the same day executed to said Campbell a deed to a one-fourth undivided interest in an oil and gas permit on the Durfee school land survey No. 2 for the consideration of $3,400.

The Durfee Mineral Company, a joint-stock company, and Durfee Mineral Company, a foreign corporation, acquired from Campbell and others a portion of the Durfee survey, including this undivided interest therein. T. H. Bass, trustee, secured from Durfee Mineral Companies an oil lease on the land and conveyed same to the Bass Petroleum Company, who, prior to May 10, 1919, had produced from said land oil to the value of $225,000. The Cordell Petroleum Company acquired the Meadows survey and part of the Durfee survey from Campbell and others, including this undivided interest therein, and executed oil leases to innocent purchasers, for which it received $200,000.

This is a suit by defendants in error, Scrivener and Wortham, to cancel the two deeds on account of fraudulent misrepresentations made to them by R. L. Durham, their attor-

---

ney, who had entered into a conspiracy with Campbell to defraud them of their property by securing same for a grossly inadequate consideration, and to recover damages by reason of the oil leases granted to innocent purchasers, and also to recover for the value of the oil wrongfully extracted from the land and disposed of by the Bass Petroleum Company.

All the parties named above, except defendants in error, together with others not necessary to here mention, were made parties defendant.

Subsequent to the filing of this suit, the state of Oklahoma instituted a suit in the Supreme Court of the United States against the state of Texas, claiming sovereignty over lands, including the lands described in the two deeds executed to Campbell, and claiming proprietary ownership of said lands. The United States intervened in said suit, claiming some of the lands therein involved, and also involved in this suit, as trustee for certain Indians, and also claiming a proprietary ownership of other portions thereof. Certain placer claimants, under the laws of the United States, also intervened. On petition of the United States, the Supreme Court appointed a receiver, who qualified, and on April 24, 1920, took into his possession the lands involved in that suit, which included the lands described in the deeds to Campbell. Thereafter when this suit came to trial in the district court, the defendants therein filed and presented their motion to abate same, because the lands involved herein were in the hands of a receiver under the facts as above recited. This motion was overruled, and on trial judgment was rendered in favor of defendants in error, Scrivener and Wortham, and against all of the defendants here named, together with other defendants not necessary here to mention, canceling the two deeds executed to Campbell as prayed for. Judgment was also rendered in favor of Chas. P. Scrivener against W. M. Campbell, R. L. Durham, and the Cordell Petroleum Company, jointly and severally, for the sum of $21,183.33; same being damages sustained by reason of leases executed to innocent purchasers. It was further adjudged that Chas. P. Scrivener recover from W. M. Campbell, R. L. Durham, the two Durfee Mineral Companies, T. H. Bass, trustee, and Bass Petroleum Company, jointly and severally, the sum of $22,851; same being $13/128$ of $225,000, the value of the oil taken from the land by the Bass Petroleum Company, and this being the interest to which the court found Scrivener was entitled.

On appeal the Court of Civil Appeals held that T. H. Bass, trustee, and Bass Petroleum Company were innocent purchasers to the extent of a portion of the consideration paid for the lease and reverse the judgment against them, and that portion of the judgment against them and R. L. Durham and W. M. Campbell for $22,851, and remanded the cause as to this portion of the judgment, but in all other respects affirmed the judgment of the district court. 259 S. W. 606.

R. L. Durham, W. M. Campbell, and the Cordell Petroleum Company filed their application for writ of error, which was by the Supreme Court granted.

Plaintiffs in error insist that the district court was without jurisdiction to hear and determine the issue involved in this suit because the land described in the deeds sought to be canceled was in the actual possession of the receiver appointed by the Supreme Court of the United States in the case of State of Oklahoma against the state of Texas. As sustaining this claim they cited the opinion in the case of Wabash Ry. Co. v. Adelbert College, by the Supreme Court of the United States, 208 U. S. 54, 28 S. Ct. 187, 52 L. Ed. 386. From this opinion we quote the following:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession or the control of the property."

[1, 2] We think the rule is here clearly stated. The court, having taken possession of the res, has exclusive jurisdiction to determine all issues in regard thereto, which can be said to have been in contemplation of the court in taking possession. The district court in this case was "without power to render any judgment which" would invade or disturb the possession of the property while in the custody of the Supreme Court of the United States. The question here to be determined is whether, by their suit in the district court, the defendants in error sought in any way to interfere with the Supreme Court's possession of the property, and whether the judgment rendered therein invaded or disturbed its possession. If there was no attempt to interfere with the receiver's possession of the property, the rule here sought to be invoked cannot apply to this case; for, if the reason for the rule does not exist, the rule does not apply.

The purpose for which the receiver was appointed was to prevent waste and to conserve the petroleum products of the land so

that the proceeds derived from production might ultimately be awarded to the rightful owners. It was not contemplated that the receiver was to be authorized by the court to sell and convey title to land owned by any individual. The purpose of that suit was to determine whether the land involved lay within the boundaries of the state of Oklahoma or the state of Texas, and whether same or any part thereof belonged to the United States. There is nothing to indicate that in appointing the receiver it was contemplated that individual owners or claimants of tracts of land involved, either under the state of Texas or the state of Oklahoma, should intervene in the case pending in the Supreme Court of the United States to try issues as to whether they had been induced by acts of fraud to execute deeds to lands, and, if so, to award to the injured parties damages and compensation for injuries occasioned thereby. Nor do we think it was in contemplation that the appointment of the receiver and his possession should prevent those injured as were the defendants in error from seeking and obtaining in the district court the relief here awarded. We agree with the decision reached by the Court of Civil Appeals on this question, and think the authorities cited by it sustain its holding.

The second assignment of error presented by plaintiffs in error in their application is:

"Plaintiff's cause of action primarily depended upon the cancellation of the two deeds executed by Scrivener and Scrivener and Wortham, and all the other issues in the cause as to all the parties were merely collateral and incidental to the primary issue, so that the issues were not severable within the meaning of the law, and the Court of Civil Appeals erred in its opinion in holding that the issue as to the cancellation of the two Campbell deeds was severable from all the other issues in the cause, and in so doing misapplied and misconstrued articles 1626 and 1997 of the R. S., and therefore erred in affirming the judgment wherein the Campbell deeds were canceled and in affirming the moneyed judgment against the Cordell Petroleum Company, Campbell, and Durham. The entire judgment should have been reversed and the entire cause remanded to the trial court."

Article 1626, referred to, reads:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

Article 1997 is:

"Only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law."

Rule 62a for the Courts of Civil Appeals provides that—

"If it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

[3-5] If this rule in any way conflicts with either of these articles, it must fall, for the Supreme Court is without authority to promulgate a rule which violates a provision of the statutory law. We can, however, conceive of no application which could be given article 1626 which would prevent the Court of Civil Appeals from affirming the judgment of the trial court canceling the two deeds executed to Campbell, and reversing that part of the judgment which related only to the relief to be awarded by reason of the fact that part of the land had been conveyed to an innocent purchaser, and remanding on the ground that "the damage to be assessed or matter to be decreed is uncertain." Article 1997 is applicable only to trial courts (Hamilton & Co. v. Prescott, 73 Tex. 566, 11 S. W. 548), and, of course, could have no application to this rule prescribed for the guidance of the Courts of Civil Appeals.

[6] The issue as to whether these deeds should be canceled by reason of fraud practiced in securing their execution is clearly severable from the issue as to what relief should be awarded the defrauded parties for parts of the lands described in these deeds which have been wrongfully conveyed to innocent purchasers.

We also think the issue as to what damages or recovery should be awarded for the wrongful conveyance of a portion of such land is severable from the issue as to what the recovery should be as to wrongful conveyance as to other portions to different parties.

After a fair and impartial trial has been had in the trial court on the issue involving the cancellation of the deeds, it would indeed be unfortunate if the rules of procedure governing appellate courts were such that, without any apparent reason therefor, the trial court should again be required to determine this issue. We think the Court of Civil Appeals has correctly decided that the issues in this case are severable, and that its holding is sustained by the authorities by it cited.

[7] After the submission of this case, the defendants in error have filed herein a motion, asking that, if the judgment of the Court of Civil Appeals is not otherwise reformed, or reversed, this court enter judgment dismissing T. H. Bass, trustee, and Bass Petroleum Company, and also enter judgment in their favor against Durham, Campbell, and Durfee Companies, for their proportionate part of the amount paid to the Durfee Companies by Bass, trustee, for the

lease, alleging in their motion that a settlement has been effected between them and T. H. Bass, trustee, and Bass Petroleum Company. Attached to this motion is a written agreement of settlement. Defendants in error have not, by application for writ of error made complaint at the action of the Court of Civil Appeals in reversing and remanding that part of the judgment of the trial court in which recovery was allowed against Bass, trustee, and Bass Petroleum Company, together with Durham, Campbell, and Durfee Companies, and we have concluded that it would not be proper to here grant the relief sought by said motion.

We have considered all other assignments made by plaintiffs in error in their application and have concluded that no reason is shown why the judgment of the Court of Civil Appeals should be reversed, and for this reason we recommend that it be affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

CURETON, C. J., not sitting.