## FAIRMONT CREAMERY CO. v. MINTER et al. (No. 7392.)

(Court of Civil Appeals of Texas. San Antonio. June 17, 1925. Rehearing Denied June 26, 1925.)

**1. Trespass to try title ⊂⊃11—Ordinarily, defendant may not attack chain of title back of common source.**

Ordinarily, when defendant files abstract of title claiming under common source, he will not be heard to attack chain of title back of it.

**2. Husband and wife ⊂⊃133(6)—Finding that property in husband's name was separate estate of wife, held in trust by husband, sustained under evidence.**

In trespass to try title to land claimed by creditor of record owner by virtue of judgment lien, evidence *held* to sustain finding that land was separate property of wife, held in trust for her by husband.

**3. Judgment ⊂⊃769—Improper indexing held to defeat judgment lien.**

Where judgment improperly indexed by clerk under wrong letter because proper index letters were exhausted, no lien was created, in view of Rev. St. art. 5615.

**4. Appeal and error ⊂⊃1010(1)—Finding, supported by evidence, will not be interfered with, on appeal.**

Findings of trial court, which are supported by the evidence, will not be interfered with, on appeal.

On Motion for Rehearing.

**5. Stipulations ⊂⊃18(4)—Stipulation of common source of title in husband held not to prevent proof that he was holding property in trust for his wife.**

In trespass to try title by wife claiming under conveyance from husband against creditor claiming lien by judgment against husband, stipulation that parties were claiming under common source of title, within Rev. St. art. 7749, *held* not to preclude proof that husband held title merely in trust for wife.

**6. Husband and wife ⊂⊃120(1)—That recited consideration in deed of trust property from husband to wife was love and affection immaterial.**

In trespass to try title against creditor of former record owner claiming under judgment lien, by wife claiming under conveyance subsequent to judgment, where it was shown that property was wife's separate estate, merely held in trust for her by husband, fact that his

deed to her recited consideration of merely love and affection *held* immaterial.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Trespass to try title by Maude L. Minter and husband against Fairmont Creamery Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Seabury, George & Taylor, of Brownsville, for appellant.

W. R. Montgomery, of Edinburg, and McDaniel & Bounds, of McAllen, for appellees.

COBBS, J. This is a suit instituted by Maude L. Minter, joined by her husband, R. M. Minter, in the form of an ordinary action in trespass to try title against the appellant, with reference to lot No. 12 in block No. 20, town of North McAllen, Hidalgo county, Tex., and appellees specially pleaded that R. M. Minter was the common source of title of both plaintiffs and defendant. In answer to said petition the appellant pleaded, among other things, the plea of not guilty, and further, without specially pleading its title and judgment lien against the appellee R. M. Minter, that said lot No. 12 in block No. 20 was conveyed by the appellee R. M. Minter to his wife, Maude L. Minter, for the purpose of hindering, delaying, and defrauding appellant, his existing creditor, at a time when said R. M. Minter did not have in this state sufficient property with which to pay his debts. Appellant prayed for such orders and decrees as would protect its judgment lien, which he also pleaded, and that the deed from R. M. Minter to his wife be canceled, and further that it have a judgment foreclosing its judgment lien on said property, and for any other and further relief, in law or equity. Appellee, in her second supplemental petition, pleaded that the common cource of title, her husband, held title in trust for her benefit, and that the said property was her separate property, and had never been the community property of herself and husband. The case was tried before the court without a jury, and the court rendered a judgment for the appellees, awarding to Maude L. Minter title and possession of the property in controversy.

Appellant's proposition is that when the parties, in open court, for the purpose of the trial, have agreed and stipulated that a certain person was the common source of their respective titles and claims, such agreement and stipulation is conclusive upon all parties that such person, thus agreed upon as a common source, was the true owner and the sole source of the titles and claims of such parties, and such agreement and stipulation precludes either party to such stipulation of agreement from asserting in himself or in another a title to the property in controversy superior to the common source thus agreed upon.

This proposition, generally speaking, and in a qualified sense, is true. The statute (article 7749), concerning common source of title, was obviously a cost-saving procedure for the benefit of plaintiffs, who otherwise would be required at great expense to deraign title from the sovereignty of the soil, but this statute provides:

."It shall not be necessary for the plaintiff to deraign title beyond a common source," etc.

[1] There is no separate common source statute concerning the effect of such a plea on a defendant made by a plaintiff, but there are many decisions respecting the situation. When a defendant files an abstract of his title in the case, claiming under the same source, he will not be heard to attack the chain of title back of it. Evans v. Foster, 79 Tex. 48, 15 S. W. 170; Howard v. Masterson, 77 Tex. 41, 13 S. W. 635.

The true consideration of the deed, or the facts concerning its consideration and delivery, may be shown aliunde by parol or other evidence, without impeaching the instrument. Kleck v. Kleck (Tex. Civ. App.) 246 S. W. 720. Instead of contradicting, such testimony often tends to support the transaction and strengthens the deed.

[2] The facts upon which the trial court rendered judgment tended to prove that the lot in controversy—lot 12, block 20, in the town of North McAllen—was never the community property of appellees, but was the separate property of appellee Maude L. Minter, though the property stood in the name of appellee R. M. Minter, for a while; and it was always understood and intended by them that the same should be and was her separate estate. She bought a lot in another block in McAllen for $150, being proceeds from money given her by her father, which lot was in the same block wherein her said husband owned lots. Then, later, her husband made an exchange with S. P. Perkins, and it was agreed that her lot should go in on the trade with another lot of R. M. Minter, which was the consideration for Mr. Perkins conveying to R. M. Minter lots 11 and 12, and it was understood that in the exchange she was putting in her lot that she paid her own money for, for lot 12, in block 20, in North McAllen. Later, in arranging for the payment of taxes on the lot, it was discovered that the title was standing in the name of her husband instead of herself; she caused him to make the correction deed, for he never paid a dollar of his own money therefor; and it was bought by her out of the money of her own separate estate. The exchange of the lots was an even exchange of equal value.

R. M. Minter testified in substance that lots 6 and 7, block 1, McAllen, were traded

to S. P. Perkins for lots 11 and 12 in block 20, and that lot 7 was the separate property of his wife, Maude L. Minter; that he had an opportunity to trade lots 6 and 7, block 1, to S. P. Perkins for lots 11 and 12 in block 20; that he talked this matter over with Mrs. Minter, and that she agreed to the trade, and that, when he and Mr. Perkins went to have a deed drawn, they stated their trade to Mr. Bounds, their attorney, and told him to fix up the papers; that Mr. Bounds, in making out the papers, made the deed to him; that the deed was recorded that way; that later, in discussing the tax question between himself and wife, a question arose as to the property being in her name, and this discussion reminded him that both of the lots were standing in his name on the records instead of one lot in his name and one lot in her name, as it should have been; that he immediately went to a young lady notary public in McAllen, had her draw a deed conveying lot 12, block 20, to Maude L. Minter, and, when this notary public asked what is the consideration, he just said, "Love and affection"; that the notary public drew the deed this way, and he signed it and mailed it to Edinburg to be recorded.

The title was held in trust for her while in the husband's name. The court heard the facts and saw the witnesses and found that the property belonged to Mrs. Minter as her separate estate, and therefore was not subject to her husband's debts, and that no lien was created by virtue of the judgment in favor of appellant. The abstracting of the judgment did not affect the property of the wife.

[3] For another reason it is contended that abstracting this judgment created no lien on the wife's separate property because it was indexed, direct and reverse, but indexed in the direct index under the letter W. That it was not regularly indexed; that the F's were exhausted and the clerk continued to index under the letter W. In other words, this judgment in favor of Fairmont Creamery Company is indexed in the direct index under the letter W instead of the letter F. This is an improper indexing and creates no lien. Article 5615, R. S.; Gullett Gin Co. v. Oliver & Griggs, 78 Tex. 182, 14 S. W. 451; McLarry v. Studebaker Bros. Co. of Texas (Tex. Civ. App.) 146 S. W. 676; Noble et al. v. Barner, 22 Tex. Civ. App. 357, 55 S. W. 382; Nye v. Moody, 70 Tex. 434, 8 S. W. 606; San Antonio Loan & Trust Co. et al. v. Davis (Tex. Civ. App.) 235 S. W. 613.

[4] This is a fact case, or largely so. The evidence was all before the trial court, whose findings are supported by the evidence, and we do not feel justified in interfering with his judgment. The case has been fairly tried, and, seeing no reversible error assigned, the judgment is affirmed.

## On Motion for Rehearing.

[5] The stipulation or agreement as to common source of title has no more force or significance as to title than pursuing the method pointed out by statute. Both abrogate the necessity of proving title down to the common source. Here the common source of title was in R. M. Minter, but that did not prevent the proof to establish the fact that he was holding it in trust for his wife. A holding such as appellant contends for would be to cut the wife from any proof to establish her estate because the deed was erroneously made in his name and did not show its trust nature. No such effect can be given to the common source of title, whether that fact be made to appear by agreement or otherwise. The case of Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 507, clearly supports our opinion in this case. In other words, the common source of title shows the record title in the name of R. M. Minter, and the facts show it to be held in trust. It does not follow from that fact that the true owner may not show for whose benefit the title was held. We are unwilling to adopt appellant's theory which would deprive the appellees from explaining the true state of facts and real ownership and the trust relation. Sullivan v. Fant, supra; Burns v. Goff, 79 Tex. 236, 14 S. W. 1009; Davidson v. Chandler, 27 Tex. Civ. App. 418, 65 S. W. 1080; Mead v. Randolph, 8 Tex. 191; McClenny v. Floyd, 10 Tex. 159; Gibbs v. Penny, 43 Tex. 560.

[6] It must be borne in mind that, whatever contention appellant makes in regard to the effect of the agreed common source of title, and regardless of what is expressed in the face of the deed from Minter to his wife, it could make no difference to appellant that it was the wife's separate estate under the facts, and could not be and ought not to be subjected to her husband's debts. He could convey it to her in any form he chose, because appellant's rights were not in the least interfered with, because it, as the husband's creditor, could not subject the wife's property to its debt.

We cannot see why the appellant should be concerned by the use of the words "love and affection" instead of setting out the real consideration, for, if the estate was her separate property, it could not be reached by her husband's creditor; but, if the proof showed it was the husband's property and not her separate property, it could and ought to be reached.

Our holding is very plain that we do not believe the trial court erred in holding that the proof showed that the property was her own separate estate, and that the common source of title could not stand between her and the true facts. Any other holding on the question would not be administering justice or the law.

We have carefully considered the motion for rehearing, and, finding nothing new therein, the motion is overruled.