**SCOTT v. MOLTER et al.**

No. 10309.

Court of Civil Appeals of Texas. San Antonio.

June 29, 1938.

Rehearing Denied Aug. 31, 1938.

David M. Coover, of Corpus Christi, and Wm. H. Shireman, of San Antonio, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellees.

SLATTON, Justice.

This is an appeal from the 117th District Court of Nueces County, wherein the appellant, W. L. Scott, complains of the action of the trial court in directing the jury to return a verdict against him. The appellant's cause of action was in trespass to try title and to declare a forfeiture upon a contract to buy and sell certain lots and parcels of land situated in Tierra Alta

Addition to the City of Corpus Christi, in Nueces County.

The suit was originally brought by appellant against Mary Molter, C. W. Skipper, and Mrs. C. W. Skipper, alleging that Mary Molter unlawfully entered upon a portion of Lot No. 16, Block No. 1, Tierra Alta Addition, being a strip three feet six inches wide, extending the lengths of the north side of said lot. Mary Molter answered by general demurrer, general denial and plea of not guilty. Mr. and Mrs. Skipper filed a disclaimer as to the issue of boundary and filed a cross-action against Mary Molter upon a contract of sale of Lots 14 and 15, Block 1, in Tierra Alta Addition, for a consideration of $1,000; $50 to be paid in cash, and $10 per month on the first day of each month, beginning September 1, 1932, and each month thereafter until finally paid. They alleged a default in the monthly payments and a forfeiture under the provisions of said contract. During the pendency of the suit the Skippers conveyed said lots to the appellant and he, by an amended pleading, asserted such cause of action as was transferred to him by the Skippers, in addition to the one originally asserted by him. Mary Molter, in addition to the answer hereinbefore stated, pleaded, among other things, a waiver of the default and failure to give notice, and offered to pay all monthly installments found to be due.

The proof shows that the land was conveyed to Almer Stewart, as trustee for W. E. Pope, W. J. Smith and Sam Rankin (later Mrs. C. W. Skipper), as acreage; that Almer Stewart, as trustee, and the beneficial owners divided the land into lots and blocks and filed a map and plat of such subdivision. The appellant deraigns his title to Lot 16, Block 1, Tierra Alta Addition through deeds from Almer Stewart, trustee, to W. E. Pope, and from W. E. Pope to W. L. Scott. He claims title to Lots 14 and 15, through deeds from Almer Stewart, as trustee, to Mrs. C. W. Skipper, and from Mrs. C. W. Skipper and husband to W. L. Scott, the latter deed having been executed during the pendency of this suit. To show common source of title, Scott offered in evidence a certified copy of a contract of sale from Almer Stewart, trustee, to appellee, Mary Molter, to Lots 14 and 15, Block 1, Tierra Alta Addition.

The map and plat of the Tierra Alta Addition show the lots to be fifty feet in width and that Lots 15 and 16, in Block 1, are contiguous; that is, the north line of Lot 16 is the south line of Lot 15. The appellant, upon the issue of boundary between Lots 15 and 16, Block 1, offered the testimony of witnesses that the northeast corner of Lot 15, was located upon the ground and the east line of said lot was measured and that the fence of appellee upon the east line of said Lot 15 extended south past the southeast corner of said Lot 15 a little more than two feet. Otherwise stated, the distance from the northeast corner of Lot 15 south, on the east line of said lot, was a little more than fifty-two feet. It is true that some of the witnesses upon cross-examination testified to facts which would lead to a different conclusion. It has been many times held in this State that a reviewing court in passing upon the evidence where the trial court directed a verdict, "We must consider the evidence in its most favorable aspect" in favor of the party against whom the verdict was directed, "disregarding conflicts and contradictions." Eastham v. Hunter, 98 Tex. 560, 86 S.W. 323, 325, and authorities there cited.

Applying these well-established principles to the present case, it is our opinion that the learned trial court fell into error in directing a verdict in favor of appellee in regard to the boundary dispute.

The appellee asserts that the appellant failed to show either title from the sovereignty of the soil or a title from a common source to the property in suit, therefore, a verdict was properly directed. The proof shows that the property was conveyed to Almer Stewart as trustee for W. E. Pope, W. J. Smith and Sam Rankin, for the convenience of the beneficial owners. The trust agreement shows that the ownership was equal between the parties; that is, an undivided one-third interest to each of them. The agreement further provided for the conveyance of all or any part of the subdivision by the trustee, and provided for ample protection to prospective purchasers in dealing with the trustee. The contract of sale from Stewart, as trustee, to the appellee was executed by Almer Stewart, as trustee, and the signature of W. J. Smith appears upon the Contract. However, the instrument recites that it is a contract by and between Almer Stewart, trustee, of the first part and Mary Molter of the second part. The signature of W. J. Smith was not necessary and

gave the contract no efficacy, except that his acknowledgment authorized its recording. Thus the title asserted by the appellant and the appellee is through Almer Stewart, as trustee, and not through Stewart and W. J. Smith, as contended by appellee. Hence the authorities cited by the appellee are not applicable.

■ Under the pleadings and the evidence it is believed that the common source was sufficiently established. Fairmont Creamery Co. v. Minter, Tex.Civ.App., 274 S.W. 281, writ refused.

■ We now direct our attention to the cause of action in which appellant sought a forfeiture of the contract of sale. The contract provided that "in the event second party (appellee) defaults in the payment of any monthly installment for more than thirty days after same shall have become due, then the first party herein expressly reserves the right at his option, to declare and treat this contract as being cancelled, null, void, and of no further force or effect." The evidence shows without dispute that beginning with the first day of February, 1934, until March 26, 1935, appellee was in default in making the monthly payments, and beginning March 26, 1935, until May 1, 1936, Mrs. Skipper claimed the appellee to be in default in such payments and accepted belated payments at ten different times during such period. On May 25, 1936, Mrs. Skipper notified the appellee that she had exercised her option to forfeit the contract and gave the appellee no time in which to pay the amount claimed to be due and in default. Thereafter the appellee made tender of some four or five payments, which were refused by Mrs. Skipper. It is true that the seller had a right to declare the forfeiture of the contract upon the default by the buyer in the monthly payments, but this right must be promptly exercised. The default cannot be permitted over a long period of time and then, without notice to the buyer, be seized upon for the purpose of declaring a forfeiture. Mrs. Skipper allowed the default to continue over a long period of time without exercising her option to forfeit, and during the period accepted payments from the appellee. In her attempt to declare forfeiture she did so without notice and without giving appellee a reasonable time in which to comply. The appellee was given possession of the property under the contract, and according to the evidence she had paid approximately $410 upon a total consideration of $1,000. It appears to this Court that it would be inequitable to allow a forfeiture of this contract. In 43 Tex.Jur. § 201, p. 349, it is said: "It is settled that the vendor may lose or waive his right to claim a forfeiture for a default of the purchaser. The right may be waived * * * by conduct on the part of the vendor in affirmance of the contract and indicating that he regards it as still subsisting, notwithstanding a default by the purchaser, or by showing an intention not to treat time as being of the essence of the contract." The cases cited fully support the text.

It is our opinion that appellant did not show a right to forfeit the contract of sale against the appellee.

For the error in directing a verdict against the appellant in regard to the boundary dispute, the judgment of the trial court will be reversed and remanded to the trial court for another trial not inconsistent with this opinion.

## On Motion for Rehearing.

■ Both parties have filed able motions for rehearing. We have re-examined the record with reference to the complaints urged by the parties. We are of the opinion that the evidence contained in the record presented a jury question in regard to the boundary of the lot in question. We have also examined the evidence with reference to the asserted right of a forfeiture of the contract of sale. We have concluded that we correctly decided both phases of the case in our original disposition.

One of the complaints of Mary Molter, in her motion for rehearing, is that we should have affirmed the judgment upon the issues presented in the action to declare a forfeiture of the contract of sale and reversed and remanded for another trial that part of the judgment which disposed of the action in trespass to try title, which involved the boundary dispute.

After mature consideration we have concluded that the issues involved in the boundary dispute and the action to declare a forfeiture of the contract of sale are severable.

In 3 Texas Jur. p. 1150, § 810, it is said: "In a proper case, if error is found as to one or more issues only, the judgment being in other respects free from error,

606

the cause may be reversed and remanded for retrial of the erroneously decided issues alone. As is remarked in an opinion in one of the cases, it would indeed be unfortunate if, after a fair and impartial trial has been had of one of the issues involved, the rules of procedure were such that, without any apparent reason therefor, the trial court should be again required to determine this same issue upon reversal for error affecting only another and separate issue." Durham v. Scrivener, Tex.Com.App., 270 S.W. 161.

In our original disposition, and upon reconsideration, we are of the opinion that the trial court erroneously refused to submit to the jury the issues involving the boundary dispute but correctly determined that the appellant did not show any right to declare a forfeiture of the contract of sale.

Pursuant to these conclusions, we are of the opinion that the appellees' motion for a rehearing should be in part granted, and, accordingly, that part of the judgment rendered by the trial court which denied the appellant the right of a forfeiture of the contract of sale will in all things be affirmed, and that part of the judgment in regard to the boundary dispute will be reversed and remanded for another trial, with costs of this appeal adjudged against the appellees.