SCOTT et al. v. MOLTER.

No. 4046.

Court of Civil Appeals of Texas. El Paso.

March 6, 1941.

Jack Pope and W. E. Pope, both of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

PRICE, Chief Justice.

Mary Molter, as plaintiff, instituted this suit in the District Court of Nueces County, 28th Judicial District, against W. L. Scott, defendant, seeking to recover against said Scott actual and exemplary damages for an alleged wrongful sequestration. The other defendants were, respectively, sureties on the replevin bond in the sequestration proceeding and a supersedeas bond given by said defendant Scott in the appeal of the case wherein the sequestration was issued. Trial was before the court with a jury, submission on special issues. Judgment was in favor of the plaintiff against Scott and the other defendants in the sum of $469.33, and against Scott alone in the additional sum of $600, the same representing exemplary damages assessed against him by the jury. From this judgment appeal has been perfected by the defendants.

The parties will be here designated as they were in the trial court.

The alleged wrongful sequestration issued out of the District Court of Nueces County, 117th Judicial District. From the judgment entered in that cause defendant here, W. L. Scott, appealed to the San Antonio Court of Civil Appeals. The decision and opinion of that court appears under the style of Scott v. Molter, 119 S.W.2d 603.

To a proper understanding of the issues of this appeal it will be necessary to rather fully state the nature and result of that case. In doing so we shall largely adopt

the language of that opinion without, however, indicating whether same is a literal quotation therefrom or merely an attempt to summarize.

In that case appellant Scott, designated as defendant here, appealed from a judgment founded on a directed verdict against him. His asserted causes of action were trespass to try title and to declare a forfeiture of a contract to buy and sell certain lots and parcels of land situated in Tierra Alta Addition to the City of Corpus Christi, in Nueces County. Involved in the trespass to try title action was a small portion of Lot No. 16, Block 1. Defendants thereto were Mary Molter, plaintiff here, and Mr. and Mrs. C. W. Skipworth. Mary Molter answered by general denial and not guilty. Mr. and Mrs. Skipworth disclaimed as to the land involved and filed a cross-action against Mary Molter upon a contract of sale of Lots 14 and 15, Block 1, in the same addition, for a consideration of $1,000, $50 in cash, and $10 per month on the 1st day of each month beginning September 1, 1933. Default was alleged on the part of Mary Molter. Mary Molter answered and, among other things, pleaded waiver of default and failure to give notice of forfeiture. During the pendency of the suit the Skipworths conveyed to Scott all their right and title to Lots 14 and 15. Scott thereupon amended his pleading and asserted the forfeiture of the contract of purchase held as aforesaid by Mary Molter. On the 27th day of May, 1937, in that cause Scott filed an affidavit for sequestration and bond therefor, and the same duly issued, and thereafter, Mary Molter, failing to replevy, in due time replevied the property.

On the trial of the above cause the court instructed the jury to return a verdict in favor of Mary Molter on each of the above-outlined causes of action asserted against her. On appeal the judgment as to Lots 14 and 15 was affirmed; on the cause of action asserted as to Lot 16 the judgment was by that court reversed and remanded. The decision as to Lots 14 and 15 became final.

In perfection of his appeal from the judgment in the case Scott filed a supersedeas bond.

Plaintiff in the petition here sets up the proceeding in that case and the result there, and sought actual and exemplary damages for the issuance and execution of the writ against Scott and recovered on the respective bonds against the other defendants for the actual damages.

In plaintiff's petition there is set up at great length a series of acts alleged to have been committed by defendant toward plaintiff, most of which are in no way directly connected with the issuance and execution of the writ of sequestration, save, possibly, that as evidence some of them might have bearing on the issue of exemplary damages.

Defendants assailed this petition by numerous special exceptions, all of which were overruled by the court.

In defendants' third amended original answer defendant Scott set up numerous wrongful acts alleged to have been committed by plaintiff toward him. This conduct of plaintiff toward him bore, so far as we can see, no relation to the issuance of the writ of sequestration. It was a retort to the collateral matters of wrongful conduct urged by plaintiff against him. If the allegations had any bearing on the issues involved in this case, they were on the issue of exemplary damages alone. The facts stated were evidentiary in character, and all that were admissible in evidence could have been proved under a general denial.

Defendant further pleaded improvements made in good faith upon the land in controversy, that is, Lots 14 and 15.

Plaintiff, by way of supplemental petition, assailed this answer.

Defendants finally filed a third amended original answer, and the court sustained plaintiff's exceptions Nos. 2 to 21, inclusive, and the sustaining of these exceptions practically confined defendants to a general denial.

The case was submitted on three special issues, as follows:

"Special Issue No. 1: What do you find, from a preponderance of the evidence, was the reasonable value of the rents and revenues per month of the premises described as Lots No. 14 and 15, Block 1, Tierra Alta Addition of the City of Corpus Christi in Nueces County, Texas, during the period of time from June 13, 1937 to June 1, 1939? You will answer by stating the amount, if any, in dollars and cents per month."

The aggregate of the amounts found by the jury in response to this issue was $469.33.

"Special Issue No. 2: Do you find, from a preponderance of the evidence, that the defendant, W. L. Scott, acted wilfully or maliciously in causing the writ of sequestration to be issued out of the 117th District

Court on the 28th day of May, 1937, in the cause wherein W. L. Scott was plaintiff and Mary Molter was defendant? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 3: What amount of money, if any, do you find, from a preponderance of the evidence, that the plaintiff, Mary Molter, should recover as exemplary damages from the defendant, W. L. Scott? Answer in dollars and cents, if any. Answer: $600.00."

Defendant in his brief advances thirteen propositions seeking a reversal of the judgment. In substance it is urged that the judgment in the case of Scott v. Molter, supra, was not decisive as to whether the issuance of the sequestration was right or wrong.

The sequestration was issued out of that case and the affidavit therefor, in substance, that defendant Scott was the owner of the property sued for and entitled to the possession thereof. It was adjudicated by that case that he was not the owner of the property and not entitled to the possession thereof. It was further decreed that the property be restored to Mary Molter.

■ The proposition seems to us to involve the rather paradoxical contention that plaintiff should have paid to defendant the purchase price of the property which defendant contended she did not own because she had forfeited her interest therein. The assignment is without merit and overruled.

■ The fact that defendant had title or right of possession to the property was one of the constituent facts to entitle him to sequester the property. That he was without this right was authoritatively established by the judgment of a court of competent jurisdiction. This established right to actual damages. Such damages were awarded by this judgment. There is no complaint as to the amount thereof, no attack is made on the form of the issue submitting to the jury their amount. The judgment is without error in this respect.

[3] The sole issue in this appeal is as to the award of exemplary damages. That a writ of sequestration was wrongfully sued out does not necessarily establish that same was maliciously sued out.

■ To warrant the recovery of exemplary damages for wrongful sequestration the act must be malicious. Mathes v. Williams, Tex.Civ.App., 134 S.W.2d 853; De George v. Rodgers-De Long Hotel Co., Tex. Civ.App., 126 S.W.2d 79.

Numerous errors were assigned as to the court's ruling on the admission and exclusion of evidence relative to this issue and the refusal of defendant's defensive issue relative thereto.

■ What we have heretofore said disposes of the issue raised on the rulings on the pleadings. However, we think defendant has the right to properly plead facts, as distinguished from evidence, going to the mitigation of damages as showing a lack of malice. It is clear, we think, that there should not be an allowance for improvements. Plaintiff purchased this property pendente lite—a law suit was purchased. Possession of the property was obtained by a writ of sequestration and replevin bond. Under such circumstances a claim for improvements cannot be successfully maintained.

■ We think there was error, however, in striking out the plea urging the payment of taxes by the defendant on this property. Defendant, in the payment of such taxes, was not a mere volunteer. It is true that in the other suit plaintiff established that the defendant here had no right to the possession of the property. But it was established there, and appears here, that a substantial portion of the purchase price was owing. In such a case defendant paid the taxes, not as a mere volunteer, but his act in so doing was to preserve his interest in the property.

■ In regard to the refusal of special issues, the transcript does not disclose any action of the court thereon. In no way does it appear that same were submitted to the court or to opposing counsel. Furthermore, the purported request was en bloc; part, if not all, of the requested issues should have been refused. No error is here disclosed.

■ Complaint is made of the admission of evidence of the annoyance and vexation caused by the conduct of the officer executing the writ toward plaintiff's minor daughter—or it might better be put, perhaps, on account of the effect the execution of the writ had upon plaintiff's minor daughter. Plaintiff and her minor daughter were removed from the premises together. Of course recovery could not be had for the mental distress of plaintiff's daughter. But no such issue of damages was submitted to the jury. The only issue submitted was as

to actual loss of the rental value of the property. If it was error to admit the testimony, it in no way harmed the defendant.

 Evidence was tendered and rejected that defendant paid the taxes on the property after suing out of the writ of sequestration. It is contended that this should have been received on the issue of ·malice. The exclusion of this evidence, we think, was erroneous on two grounds: (1) it had a tendency to negative malice, or at least might have tended to mitigate the exemplary damages; (2) if defendant actually paid the taxes, as we have said, he was entitled in some way to be compensated therefor. When exemplary damages are sought the evidence takes a wide range.

 The testimony as to defendant having made improvements on the property of the claimed value of $1,100 we think likewise was admissible on the issue of malice, or, in any event, in mitigation of exemplary damages, were malice shown. It might be reasonably inferred that defendant believed that he was entitled to the property and possession thereof, else he would not have expended this sum thereon. If it enhanced the value of the property plaintiff would have reaped the advantage thereof. It was error to reject such testimony.

 Defendant, on cross-examination of plaintiff, sought to show the state of the payments on the purchase contract between Skipworth and plaintiff prior to the suing out of the writ of sequestration and subsequent thereto. It appears the witness did testify in the presence of the jury that she had made no payments since May 29, 1937. She testified rather fully out of the presence of the jury as to the payments made prior thereto and tenders made to Mrs. Skipworth before defendant by his pleading in the former· case claimed the property. The statement under the assignment fails to show just what testimony was rejected. A reference to the statement of facts on the pages indicated likewise fails to show it. We think error is not shown by the assignment. However, the nonperformance of this contract was the sole basis for the writ of sequestration, and though it was held to be an inadequate one, inquiry relative thereto was certainly competent.

Without some explanation for the suing out of the writ, same would have appeared a wanton and senseless act.

 Plaintiff testified, over the objection of defendant, that defendant had filed several complaints against her and caused her arrest thereunder. The objection urged was that the complaints were the best evidence of their contents. If this testimony were admissible for any purpose, the statement of the witness in a general sort of ' way described the contents of the complaint. They seem to have been available, and the matter of their production was doubtless overlooked. If on another trial this evidence is tendered and deemed admissible we think the complaints should be produced.

 We believe that no error is reflected by the court's overruling the defendant's objection to testimony that defendant in 1932 took away from the property the plaintiff's ·gas and water meters. This matter was rather remote, but, coupled with other testimony, might have tended to show that defendant, by calculated and persistent course of conduct, was seeking to drive plaintiff away from this property and acquire it for himself.

 Judging from the testimony of plaintiff, peace and concord did not prevail between plaintiff and defendant. This same lack of harmony is likewise shown in the stricken portions of defendant's plea. However, testimony as to these matters was only relevant for the bearing it might have had as to defendant's purpose and intent in suing out the sequestration. It must be borne in mind on another trial that defendant is not liable in damages for this alleged collateral wrongdoing. The only legitimate' bearing it has is on the motives and purpose of defendant in suing out the writ of sequestration. This is so as to the alleged provocative conduct of the plaintiff toward defendant. This conduct, before being admissible, must have some relationship to the property .sequestered.

We believe the exclusion of the testimony as to defendant's payment of the taxes, and the exclusion of the testimony as' to improvements placed upon the property by the defendant pending the determination of the former suit, present reversible errors.

The case is reversed and remanded.